SHEEHY *v.* MANDEVILLE AND JAMESSON.

———————

ERROR to the circuit court for the district of Columbia, sitting at Alexandria, in an action of *assumpsit*

*A promissory note given and received for*

SHEEHY
v.
MANDE-
VILLE.

and in discharge of an open account is a bar to an action upon the open account, altho' the note be not paid.

A *several* suit and judgment against one of two joint makers of a promissory note, is no bar to a *joint* action against *both* upon the same note.

The *whole* of a *joint* note is not merged in a judgment against *one* of the makers on his *individual assumpsit;* but the other may be charged in a subsequent joint action if he pleads severally.

This court will not direct the court below to allow the proceedings to be amended.

brought by Sheehy against Joseph Mandeville and R. B. Jamesson.

The declaration consisted of three counts.

The first count was upon a promissory note as follows, viz. " James Sheehy complains of Joseph Mandeville and Robert Brown Jamesson, lately trading under the firm of *Robert Brown Jamesson*, of a plea of trespass on the case, for that whereas, on the seventeenth day of July, in the year of our lord one thousand eight hundred and four, the said defendant Joseph Mandeville, *secretly trading* with the defendant Robert B. Jamesson, by way of buying and selling merchandise, at Alexandria, in the county aforesaid, under the name, title, style, and firm of Robert Brown Jamesson; and whereas the said defendants under the said name, firm and style, on the said seventeenth day of July, in the year one thousand eight hundred and four, at, &c. made their certain note in writing, called a promissory note, subscribed by them by and under the name, style, title and firm of Robert B. Jamesson, bearing date the same day and year, and then and there delivered the said note to the plaintiff, and by the said note did, under their firm aforesaid, promise to pay to the said plaintiff, or to his order, six hundred and four dollars and ninety-one cents, for value received, negotiable at the bank of Alexandria, by reason whereof, and by force of the law in such cases made and provided, the said defendants became liable to pay to the plaintiff the said sum of money contained in the said note, according to the tenor and effect of the said note ; and being so liable, they, the said defendants, under the name and firm aforesaid, afterwards, to wit, the same day and year aforesaid, at Alexandria aforesaid, undertook," &c.

The second count was *indebitatus assumpsit* for goods sold and delivered to the defendants, under the name and firm of Robert B. Jamesson.

The third count was a *quantum valebant* for the same goods.

The defendants were duly arrested, but Jamesson was discharged by a judge upon entering a common appearance, he having been before discharged under the act of congress for the relief of insolvent debtors within the district of Columbia; and no further proceedings seem to have been had against him.

The defendant Mandeville appeared and filed two pleas.

1st plea. " And the said defendant, by George Youngs, his attorney, comes and defends the wrong and injury, when, &c. *protesting* that the said goods, wares and merchandise, in the declaration mentioned, were not sold and delivered to the said Robert B. Jamesson and this defendant jointly; for plea saith, that the said James ought not to have and maintain his action aforesaid against him, because he says, that heretofore, to wit, on the seventeenth day of July, 1804, at Alexandria, the said Robert B. Jamesson, in the declaration named, made his promissory note, payable to the said James Sheehy or order, sixty days after date, for 604 dollars and 91 cents, negotiable at the bank of Alexandria, which said note, so as aforesaid made by the said Jamesson, was *given* by the said Jamesson, to the said James Sheehy, *and by him received*, for and in *discharge* of an account or bill of the said James Sheehy against the said R. 'B. Jamesson, for sundry goods, wares and merchandise, at the special instance and request of the said R. B. Jamesson, sold and delivered by the said James to the said Robert B. Jamesson. And the said defendant Joseph avers, that the said goods, wares and merchandise, mentioned in the plaintiff's declaration, are the same goods, wares, and merchandise, so as aforesaid sold and delivered to the said Robert B. Jamesson by the said James Sheehy, and the same for which the said R. B. Jamesson gave his aforesaid negotiable note, and none other ; and afterwards, to wit, on the 8th day of June, 1805, the said James Sheehy sued out of the clerk's office of the circuit court of the district of Columbia for the county of Alexandria, his writ in an action of debt upon the aforesaid note against the said Robert B. Jamesson, and such proceedings

were had therein, that at the July term of the said
court, in the year 1806, a judgment was rendered in
favour of the said James Sheehy, against the said R. B.
Jamesson, for the debt and damages mentioned in the
declaration filed in that action, to be discharged by the
payment of the said six hundred and four dollars and
ninety-one cents, with interest from the 15th of Sep-
tember, 1804, till paid, which will at large appear by
the records of the said court now here remaining in
the said circuit court of the district of Columbia, for
the county of Alexandria, which judgment still remains
unreversed and in full force; all of which the said de-
fendant is ready to verify; wherefore he prays judg-
ment whether the said plaintiff his action aforesaid
ought to have and maintain against him upon the se-
cond and third counts in the said declaration," &c.

2d plea. " And the said defendant, by leave of the
court," &c. " for further plea saith, that the plaintiff
his action aforesaid against him ought not to have and
maintain, on the *first* count in his said declaration, be-
cause he saith, that heretofore, to wit, on the 8th day
of June, 1805, the said James Sheehy sued out of the
clerk's office of the circuit court of the district of Co-
lumbia, for the county of Alexandria, his writ in an
action of debt against the said Robert B. Jamesson,
and afterwards, in July, filed his declaration therein
upon a note of the said Robert B. Jamesson to the
said James Sheehy, dated the 17th day of July, 1804,
payable sixty days after date, for 604 dollars and 91
cents, for value received, negotiable at the bank of
Alexandria; and afterwards such proceedings were
had in the said suit, that at July term, of the said court
in the year 1806, judgment was rendered therein in
favour of the said James Sheehy against the said Robert
B. Jamesson, for the debt and damages in the said
declaration mentioned to be discharged by the payment
of 604 dollars and 91 cents, with interest from the 15th
of September, 1804, until paid, and also costs of suit;
all which the said defendant is ready to verify by the
record and proceedings of the said court," &c. " which
said judgment still remains unreversed and in full
force, also to be verified by the record, &c. And the

said defendant avers that the promissory note in the first count in the plaintiff's declaration mentioned and described, is the same note upon which the aforesaid judgment was rendered and obtained, against the said Robert B. Jamesson, as aforesaid, and not other or different, and this the said defendant is ready to verify; whereupon the defendant prays judgment if the said plaintiff ought to have and maintain his action aforesaid against him upon the *first* count in the said declaration," &c.

To the first plea the plaintiff demurred, and assigned as causes of demurrer,

1. That the plea does not traverse the *assumpsit* laid in the declaration.

2. It does not expressly confess or deny, that the goods were sold and delivered to the said Joseph Mandeville and Robert B. Jamesson; nor that the note in the declaration mentioned, was given by the said house and firm of Robert B. Jamesson.

3. An unsatisfied judgment against Robert B. Jamesson is no bar to an action upon the same cause of action against the other defendant, against whom no judgment has been rendered.

4. It does not aver that the judgment against Jamesson has been satisfied.

5. It does not deny or admit that the defendant, Mandeville, assumed to pay for the goods.

6. The plea is no answer to the declaration.

To the second plea the plaintiff also demurred, and assigned the same causes of demurrer.

The judgment of the court below, upon these demurrers, was in favour of the defendant Mandeville; and the plaintiff brought his writ of error.

SHEEHY
v.
MANDE-
VILLE

SHEEHY
v.
MANDE-
VILLE.

*E. J. Lee,* for the plaintiff in error.

A debt due from joint partners is *joint and several.* Each is liable for the whole. Rice v. *Shute,* 5 *Burr.* 2613. *Watson's Law of Partnership,* 238. 3 *N. Y. Term Rep.* 5. 14 *Vin. Abr.* 607. *pl.* 3. 6 *Co.* 40. b. *Mitchmay's* case. 6 *Co.* 46. a. *Higgins's* case. *Yelv.* 67. 2 *Atk.* 510. *Darwent* v. *Walton.* 3 *N. Y. Term Rep.* 4. 5 *East,* 147. *Cro. Jac.* 74. A judgment against one partner alone does not bind the other. It is therefore no bar to a suit against this other partner. The obligation of the note of Mandeville & Jamesson is not merged in the judgment against Jamesson. Mandeville cannot say he has been *twice vexed* for the same cause of action.

A *secret* partner is liable *when* discovered. *Watson,* 42. *Doug.* 371. If the creditor has obtained judgment against the *open* partner before the discovery of the *secret* partner, the latter may be sued upon the original cause of action. *As to him* it is not merged in the judgment. An unsatisfied execution is no bar to a second remedy against another person liable for the same debt. 5 *Co.* 86. b. *Cro. Jac.* 73. 1 *Mod.* 207.

A promissory note, given for goods, is no bar to an action for the price of the goods founded on the sale. In the present case it is not pleaded as an *accord* and satisfaction, and it is in that form only that the defendant can avail himself of it. It is not satisfaction unless it be paid. 1 *Esp.* 148. 9 *Co.* 79. b. 1 *Selw.* 107. 1 *Str.* 426. 1 *Burr.* 9. 2 *Term Rep.* 24. 1 *Selw.* 108, 109.

Although the plea states that the note was received in *discharge* of the account for goods sold, yet it was not a discharge without payment. *Cro. Car.* 85, 86. *Brainthwait* v. *Cornwallis.* 6 *Co.* 44. b. 45. b. *Cro. Eliz.* 240. *Ashbrook* v. *Snape.* 3 *East,* 250. *Drake* v. *Mitchel.* 3 *Call,* 234. *M'Guire* v. *Gadsby.* 1 *Cranch,* 181. 1 *Esp. Rep.* 3. 5. *Stedman* v. *Gooch.* 6 *Term Rep.* 52. *Puckford* v. *Maxwell.*

The judgment (against Jamesson) upon the note is no discharge of *Mandeville. The cause of action against Jamesson only is merged in the judgment; not the joint cause of action against Mandeville & Jamesson. The reason why the cause of action merges in the judgment is, that the party has obtained a remedy of a higher nature against his debtor. But a judgment against Jamesson gives no remedy against Mandeville. The plaintiff could not lose his remedy upon the note against Mandeville until he had obtained another remedy of a higher nature against him. This he has not obtained, and, therefore, has not lost his remedy upon the note.

In the former action the declaration does not state it to be a *joint* note. If it had, there might perhaps be some doubt. But it was sued as the separate note of Jamesson. If the note had been in terms *joint and several*, a judgment against one would not have been a bar to a subsequent action upon the note against the other.

*Youngs* and *C. Lee*, contra.

The contracts made by copartners are *joint*, and not *several*. It is true that the effect of a judgment is *several*, that is, the execution may be served on both, or either of the defendants; but that does not alter the nature of the *contract*.

In joint contracts, both are bound, or neither is bound. If one be discharged, the other is discharged; a release to one is a release to both. If the contract be destroyed, or vacated, as to one, it is as to the other also. When it has once passed into a judgment it is extinct; a plaintiff may if he pleases sue only one of the copartners, and if the defendant does not plead in abatement, the action may be maintained; and if the plaintiff obtains a judgment against one he cannot have another action upon the same original cause of action against the other. This would enable the plaintiff to split and multiply actions at his pleasure. Upon a joint cause of action you cannot have *several* judg-

SHEHRY<br>v<br>MANDE-<br>VILLE.

SHEEHY
v
MANDE-
VILLE.

ments as you can in trespass, although the defendants should plead *severally.*

If a note be given for a precedent debt, you cannot have an action on the original cause of action, unless you can prove the note to be lost. 1 *Johns.* 36. 4 *Esp. Rep.* 159. 1 *Com. Dig.* 143, 144. 4 *Bac. Abr.* 48, 49. 2 *Salk.* 609. 2 *Atk.* 510. 609.

But the plea states that the note was given and received in discharge of the prior debt; and there can be no doubt that, by agreement of the parties, a debt may be discharged in that way.

The declaration does not state any reason for not having made Mandeville a defendant to the first suit. It ought at least to have stated that the plaintiff did not know that Mandeville was a partner at the time of obtaining the judgment against Jamesson. If the plaintiff has any remedy, it must be in equity. If there can be a remedy at law, it must be upon a very special action on the case, setting forth all the circumstances.

If the plaintiff had at first an option to sue for goods sold and delivered, or upon the note, he has made his election to sue on the note, and having prosecuted that suit to judgment, he cannot afterwards sue for the goods sold and delivered. A man cannot have two judgments for the same cause of action. If the note did not destroy the right of action for goods sold, yet a judgment upon that note does.

A written instrument cannot be contradicted by parol evidence. The note purports to be the separate note of Jamesson. To show that it was a joint note is to contradict the tenor of the instrument.

If the defendants in a joint action of *assumpsit* sever in their pleas, this does not make it a separate action against each: and if the plaintiff does not show a joint cause of action against both, he cannot recover against either. There could be no doubt that it would

be a good plea for Jamesson to say that the plain- SHEEHY
tiff had already recovered a judgment against him v.
upon the same cause of action, which judgment was MANDE-
still in force. And a plea that would discharge James- VILLE.
son would discharge Mandeville also, because the plain-
tiff having declared upon a *joint* cause of action
must prove it as laid; and if he had no cause of action
against *Jamesson*, as well as against Mandeville, he had
no joint cause of action as laid in his declaration.

*Jones*, in reply.

A judgment against *one* severally, upon a joint
cause of action is no bar to a subsequent action against
the others, upon the same cause of action.

A note given by *one*, for a precedent debt due by
*two*, is *nudum pactum.*

A note cannot be a *satisfaction* of a precedent debt,
unless payment be actually made of the note. 2 *Cro.* 152.
5 *Co.* 119. *Whelpdale's* case. 14 *Vin.* 607. 6 *Co.* 40. b.
*Cro. Jac.* 74. 12 *Mod.* 538. 5 *Mod.* 136. *Cro.
Car.* 85, 86. 1 *Esp. Rep.* 3. 5. 3 *East*, 256.

Judgment may be severed when the parties plead
severally. *Co. Litt.* 127. b. *Lutw.* 9. 5 *Com. Dig.* 8.
tit. *Pleader*, B. 9, 10. 11 *Co.* 5. *Hayden's* case. 1 *Wils.*
89. 1 *Burr.* 357.

Jamesson is no party to this suit. Although arrested,
he has never appeared, and the suit as against him has
been abandoned. The court can give judgment against
Mandeville only.

The plea amounts to the general issue, and therefore
is bad upon demurrer. *Cro. Eliz.* 201. 5 *Mod.* 314.

*March* 14.

MARSHALL, Ch. J. delivered the opinion of the
court as follows, viz.

The plaintiff sold certain goods to Robert B. James-

son, a merchant of Alexandria, and took his note for the amount, which he put in suit, and prosecuted to a judgment. Afterwards, supposing the other defendant Mandeville to be a secret partner, he instituted a suit against Mandeville and Jamesson. The declaration contains three counts. The first is on the note, and charges it to have been made by the defendants under the name, firm and style of Robert B. Jamesson. The 2d and 3d counts are for goods, wares and merchandise sold and delivered to the defendants, trading under the firm of Robert B. Jamesson.

The defendant Mandeville pleads two pleas in bar. The first goes to the whole declaration, and the second applies only to the first count.

The first commences with a protestation that the goods, &c. in the declaration mentioned were not sold to the defendants jointly, and then pleads in bar the promissory note which is averred to have been given and received for, and in discharge of, an account for sundry goods, wares and merchandise sold and delivered to the said Jamesson, and that the goods in the declaration mentioned are the same which were sold and delivered to the said Jamesson, and for which the said note was given. The plea also avers, that a suit was instituted and judgment obtained on the note, and concludes in bar.

The second plea pleads the judgment in bar of the action.

To the first plea the plaintiff demurs specially, and assigns for cause of demurrer,

1. That the defendant does not traverse the *assumpsit* laid in the declaration.

2. That he does not expressly confess or deny that the goods, &c. were sold and delivered to the defendants, trading under the firm of R. B. Jamesson, or that the note was given by the said firm.

3. Because an unsatisfied judgment against James-son is no bar to an action against Mandeville.

4. It is not averred that the judgment has been satisfied.

5. The defendant does not deny or admit that he assumed to pay for the goods, &c. in the declaration mentioned.

6. Because the plea is no answer to the declaration, or any count thereof, and is informal.

The defendant joins in demurrer.

To the second plea the plaintiff also demurs specially, and assigns, for cause of demurrer, the same, in substance, which had been assigned to the first plea, and the defendant joins in the demurrer to this plea likewise.

The other defendant, Jamesson, has put in no plea, nor are there any proceedings against him subsequent to the declaration.

Although the first plea is not expressly limited to the 2d and 3d counts, yet it would seem, from its terms, to be intended to apply to them alone. It sets up a bar to an action on an *assumpsit* for goods, wares, and merchandise sold and delivered, and no such *assumpsit* is laid in the first count.

If, however, it be considered as pleaded to the first count, it is clearly ill on demurrer. For it does not deny or avoid the joint *assumpsit* laid in that count.

It remains to inquire whether this plea contains a sufficient bar to the 2d and 3d counts.

The plea is, that the note was given *and received* for, and in *discharge* of, an account or bill for goods, wares and merchandise sold and delivered by the plaintiff to Robert B. Jamesson, which are the same goods, &c. that are mentioned in the plaintiff's declaration.

That a note, without a special contract, would not, of itself, discharge the original cause of action, is not denied. But it is insisted that if, by express agreement, the note is received as payment, it satisfies the original contract, and the party receiving it must take his remedy on it.

This principle appears to be well settled. The note of one of the parties or of a third person may, by agreement, be received in payment. The doctrine of *nudum pactum* does not apply to such a case; for a man may, if such be his will, discharge his debtor without any consideration. But, if it did apply, there may be inducements to take a note from one partner liquidating and evidencing a claim on a firm which might be a sufficient consideration for discharging the firm. Since, then, the plaintiff has not taken issue on the averment that the note was given and received in discharge of the account, but has demurred to the plea, that fact is admitted; and, being admitted, it bars the action for the goods.

The special causes of demurrer which are assigned do not, in any manner, affect the case. Whether the promise was made by Mandeville, or not, ceases to be material, if a note has been received in discharge of that promise, and the payment of the note need not be averred, since its non-payment cannot revive the extinguished *assumpsit*.

The next subject of consideration is the second plea, which applies simply to the first count.

That count is on a note charged to have been made by Mandeville and Jamesson, trading under the firm of Robert B. Jamesson. This, not being denied, must be taken as true.

The plea is, that a judgment was rendered on this note against Robert B. Jamesson.

Were it admitted that this judgment bars an action against Robert B. Jamesson, the inquiry still remains, if Mandeville was originally bound; if a suit could be originally maintained against him; is the note, as to him, also merged in the judgment?

Had the action, in which judgment was obtained against Jamesson, been brought against the firm, the whole note would most probably have merged in that judgment. But that action was not brought against the firm. It was brought against Robert Brown Jamesson singly, and whatever other objections may be made to any subsequent proceedings on the same note, it cannot be correctly said that it is carried into judgment as respects Mandeville. If it were, the judgment ought in some manner to bind him, which most certainly it does not. The doctrine of merger (even admitting that a judgment against one of several joint obligors would terminate the whole obligation, so that a distinct action could not afterwards be maintained against the others, which is not admitted) can be applied only to a case in which the original declaration was on a joint covenant, not to a case in which the declaration in the first suit was on a sole contract.

In point of real justice there can be no reason why an unsatisfied judgment against Jamesson should bar a claim upon Mandeville; and it appears to the court that this claim is not barred by any technical rule of law, since the proceedings in the first action were instituted upon the *assumpsit* of Jamesson individually.

It is not necessary to decide whether this action could have been maintained against Mandeville singly with an averment that the note was made by Mandeville and Jamesson. The declaration being against both partners, that question does not arise. The declaration is clearly good in itself, and the plaintiff may recover under it, unless he be barred by a sufficient plea.

Admitting, for the present, that a previous judg-

SHEERY
v
MANDE-
VILLE.

ment against Jamesson would be a sufficient bar, as to him, had Jamesson and Mandeville joined in the same plea, it would have presented an inquiry of some intricacy, how far the benefit of that bar could be extended to Mandeville.

But they have not joined in the same plea. They have severed; and as the whole note is not merged in a judgment obtained against Jamesson, on his individual *assumpsit*, the court is not of opinion that Mandeville has so pleaded this matter as to bar the action.

In this plea it was necessary to negative the averment of the declaration, that the note was made by Mandeville as well as Jamesson, or to show that the judgment was satisfied. The defendant has not done so. He has only stated affirmatively new matter in bar of the action, which new matter, as stated, does not furnish a sufficient bar. It is not certain that this plea would have been good on a general demurrer but on a special demurrer it is clearly ill.

The judgment, therefore, is to be reversed, and, as no other plea is pleaded, judgment must be rendered, on the first count, in favour of the plaintiff.

The judgment of the court was as follows: This cause came on to be heard on the transcript of the record, and was argued by counsel; on consideration whereof the court is of opinion, that there is error in the judgment of the circuit court in overruling the demurrer to the first plea, so far as the same is pleaded in bar of the first count in the declaration, and that there is error in overruling the demurrer to the second plea; wherefore it is considered by this court, that the judgment of the circuit court be reversed and annulled, and that the cause be remanded to the circuit court, with directions to sustain the demurrer to the first plea so far as the same is pleaded in bar of the first count, in the plaintiff's declaration, and also to sustain the demurrer to the second plea, and to render

judgment in favour of the plaintiff on nis said first count, and to award a writ of inquiry of damages.*

SHERRY<br>v.<br>MANDE-<br>VILLE.

* After the opinion was given, *C. Lee* moved for a direction to the court below to allow a plea of *non assumpsit.* The court said they had never given directions respecting amendments, but had left that question to the court below. This court cannot now undertake to say whether the court below would be justified in granting leave to amend.