Colcock, J.
According to the view which I have taken of this case, it is necessary to decide only the last point made in the brief ; namely, whether the recovery against Lemasters is a harto the present suit. This question turns upon a doctrine of law, which seems never to have been well understood, or defined, and about which a contrariety of opinion' exists, even at the present day. It appears to me so manifestly repugnant to the principles of abstract justice, that the pléa should prevail, that I have been induced to examine more fully into the foundations of the doctrine, by which it is to be sustained : for if it depends upon mere technical reasoning, unsupported by any sound principles of policy, Í should not be disposed to regard the difficulties presented by it, as insuperable; unless indeed it should turn out to have been too long settled by decided cases, to be now open to judicial discussion of its authority.
It is certainly well established, that all of the joint contractors, must be sued together ; but whatever may have lead to the rule, it is equally certain, that its application may be dispensed with by any of the contractors, who are sued, separately, for it will not avail as a defence, unless it is pleaded in abatement, 1 Ch. Pl. 29. It is true, that in the conclusion of the passage cited, Mr. Chitty adds, that “there is this objection, in the case of a joint contract, to the non-joinder of one or more of the several parties liable, that if judgment be obtained against one, in a separate action against him on such contract, the plaintiff cannot afterwards proceed against the parties omitted, and consequently loses their security.” Ib. 30. And this, is laying down the doctrine broadly enough ; but the only authorities cited, are Cro. Jac. 73, and Com. Dig. Action. (K. 4.) 1, neither of which sustain the position contended for.
The passage in Comyn appears, at first, to support the doctrine, in terms. The words are ; “ a recovery against one obli-gor, and execution, will be a bar in debt against the co-obligor.” But the reference is to a case in Moore, 29 ; and on adverting to that case, it will be found, that by “ execution” is meant, having had execution of the judgment, and that the term execu~ tion is used, in this place, as equivalent to satisfaction. That this was Comyn’s meaning, is rendered palpable, by his also referring to a subsequent passage in his own book, which is totally irreconeileable with the former, on any other supposition. *350 The passage alluded to is in Com. Dig. Action. (L. 4.) 9, and jg ag fop0WS . “ So a recovery and execution against one, tvherc tbe thing demanded is certain, is no bar in another action against another upon the same foundation ; as if two be bound - . . • by a bond, a recovery and execution against one, is no barm an action upon the same bond against the other obligor.” The references to this passage are, Yelv. 67. 6 Rep. 45 a. and Cro. Jac. 74.
The other authority cited by Chitty, Cro. Jac. 73, is the same which is referred to by Comyn for the support of the exactly opposite doctrine, a circumstance, of itself, calculated to excite a doubt as to the accuracy of the rule propounded by Mr. Chitty. It is the case of Brown v. Wootton, and is the same which is referred to in Yelverton, 67, where it is reported by the title of Broome v. Wootton. It was an action of trover for plate. At another time the plaintiff had sued J. S. supposing the conversion to have been by him, and had recovered £20, and had execution for the damages. This was pleaded in bar, with an averment that these were the same goods ; to which the plaintiff demurred, and contended that the party’s being in execution is not any satisfaction, unless the money was paid. The Court however, held the plea to be good, and gave judgment for the defendant. But what does this case prove? In the first place, it was not a case of joint contract, and, therefore, is altogether wide of the doctrine contended for by Mr. Chitty. lu the second place, if there had been a joint conversion, it could not sustain a separate action against Wootton ; and if the conversion had been by one alone, then the judgment against J. S. had established, that he was thd person to be charged : and under no circumstances, therefore, could the plaintiff maintain an action against Wootton, unless he was intitled to be paid twice for the same goods. That these were the views of the Court, is obvious, ever, from the language used, although not very definite, or precise. “ But all the Court,” says the Reporter, “ held the plea to be good; for the cause of action being against' divers, for which damages uncertain are recoverable, and the plaintiff having judgment against one person for damages certain, that which was uncertain before is reduced in rem judi-catum, and to certainty ; which takes away the action against the others.” The Reporter goes on to state : “And, therefore *351 Popham said, if one hath judgment to recover in trespass against one, and damages are certain, although he be not satisfied, yet he shall not have a new action for this trespass. By the same reason, c contra, if one hath cause of action against two, and obtain judgment against one, he.shall not have remedy against the other ; and the alleging that he hath one in execution for this cause is not an answer to the purpose ; and the difference between this case, and the case of debt upon an obligation against two, is,because there every of them is charge-able, and liable to the entire debt; and, therefore, a recovery against one is no bar against the other until satisfaction.” Fen-ner, J. added, “that in case of trespass, after the judgment given, the property of the goods is changed, so as he may not seize them again.’’' Cro. Jac. 74. This last sentence is a key which unlocks the whole principle of the decision ; and nothing-can be more positive in refutation of the doctrine of Mr. Chilty, than the concluding sentence of Popham’s opinion.
It appears then, that the authorities cited by Chitty, refute, instead of supporting him ; and the doctrine, if sound, rests altogether upon technical reasoning, unsupported by any decided case, which has been brought to our view. The force of this reasoning may be tested by the examination of the remaining authority referred to by Comyn, namely Higgen’s case, 6 Rep. 45. That was an action of debt brought in the Common Picas, by an executrix and her husband, on a bond to her testator. The defendant pleaded, that the obligee, in his life time, had recovered judgment against the same defendant, on the same bond, and that it had been removed by writ of error into the King’s Bench, and that the judgment remained of force and unreversed; but the plea did not allege that the plaintiff had had execution. The plaintiff demurred, and the Court gaye judgment for the defendant. Lord Coke states in the report of this case, that formerly a plea of former recovery was no bar ; because the practice was, that when judgment was recovered, the defendant applied to the Court to have the bond damned, and if he neglected to do so, judgment might. again be had against him for his folly. But, he adds, this practice had become obsolete, and the judges now held, that the nature of the duty was changed by the judgment, and, therefore, after judgment a new action could not be maintained on the old obliga *352 tion. He then observes: “ And as to the case which has beets objected, that where two are bound jointly and severally, and the obligee has judgment against one of them, that yet he may sue the other, it was well agreed ; for against him the nature of the bond is not changed, but notwithstanding the judgment, he may plead that it is not his deed.” 6 Rep. 46, It is perfectly immaterial, in my opinion, that the case is put of a joint and several bond. It is sufficient for the purposes of this case, that a judgment does not always extinguish the original debt. The foundation of the doctrine is, that the bond is merged in an obligation of a higher nature; and it cannot, therefore, extend to one, against whom this higher obligation does not exist. The only ground, on which the defendant Lee can avail himself of the judgment against Lemasters, is that he cannot be sued without the latter, and that, as to him the judgment is a bar to a new action. Now waiving an examination of the question, whether it would be a good bar even as to Lemasters, it is difficult to discover any principle upon which it can be allowed to avail Lee, when his co-defendant does not choose to set it up as a defence. If the action were notv brought for the first time, Lee must have pleaded to the merits, if Lemasters had been joined : and what difference can it make, that there has been a judgment against the latter, if he does not complain at being sued a second time? All that Lee is in titled to say, is, “my contract was that both should be sued togetherand the answer is, that both are sued.
I think the case of Sheeby v. Mandeville and Jamesson, 6 Cranch, 253, decides the very point. It is true, that the facts of that case are somewhat different from the present; but there was a joint liability, and suit was commenced, and judgment recovered against one only, whether from accident, or design, can, I eoueeive, make no difference. Afterwards, upon the discovery of a dormant partnership, a joint action was brought against the former defendant and the dormant partner, and the plaintiff was allowed to recover, although the question was distinctly raised by a demurrer. Chief Justice Marshall, in reply to the argument of one of the counsel, who put the case of a joint bond, as an authority that the action could not be maintained, denies it to be law as to such a case, “ In point of real justice,” he observes, “there can be no reason, why an unsat *353 isfied judgment against Jamesson should bar a claim upon Man-deville.. ’ And again. “Admitting that the previous judgment'' against Jamesson would be a sufficient bar as to him, had Jamesson and Mandeville joined in the same plea, it would have presented an inquiry of some intricacy, how far the benefit of that bar could be extended to Mandeville. But they have not joined in the same plea. They have severed •, and as the whole note is not merged in a judgment obtained against James-son on his individual assumpsit, the Court is not of opinion that Mandeville has so pleaded this matter as to bar the action.” 6 Cr. 265-6. Some stress is laid, in the course of the opinion,on the original assumpsit of Jamesson ; but with great deference, Í do not think it can affect the question, because the recovery was had on the joint liability.
I can discover no reasons of sound policy for the doctrine contended for by the defendant. The security of the other joint contractors is not lessened, by the obligation of one of them being convened into a judgment. Even as to the latter, the risk incurred, of being made to pay the same debts twice, is merely ideal; and were it otherwise, it is the result entirely of his own neglect. To have pleaded that the liability was joint,would have prevented the recovery of the first judgment ; and it really seems to be departing widely from every thing like principle, to say, that his having permitted a judgment to be recovered against him, which the plaintiff was not iutitled to recover, should be a bar, even as to himself, to an action which the plaintiff was clearly intitled to maintain. It would be a. much better reason for vacating, or arresting the first judgment,, than for setting it up as a bar to the new action. Certainly,however, it cannot avail as a defeuee to a stranger to the first judgment.
Upon the whole, if the technical difficulty were better founded,- and was to be regarded as insuperable at this day, and we were, therefore, compelled to say, that the bond was altogether merged, as to both obligors, by a judgment against one of them, I should have no hesitation in setting aside the judgment, when both the parties to it request that it may be done. But it seems to me that the plea is bad on principle; and that the judgment against Lemasters, without satisfaction, can be no bar to the present action as to Lee.