Johnson J.
delivered the opinion of the Court.
Upon referring to the Judge’s notes of the evidence taken on the trial, it appears that the defendant stated to the witness John Wallis, under circumstances which could leave no doubt about the identity of the note, that the note on which the plaintiff and himself were sued by David Dickson, was for his own proper-debt, and that plaintiff was his surety for the payment.' This is an ordinary mode of proof and I cannot conceive of anymore unexceptionable; a party’s voluntary admissions are justly said to be the highest evi-denee. Dickson obtained a judgment in that action against the plaintiff, and he has satisfied that judgment by giving Dickson his note for the amount, and obtaining his receipt, and I cannot conceive of a more meritorious cause of action.
It is objected in the first ground of the motion, that the plaintiff was permitted to give evidence of what was proven on the trial of the case of Dickson against himself and defendant; and strictly speaking, I incline to think such evidence would have been inadmissible in support of the plaintiff’s action, and if an inference could by any possibility be drawn from it, unfavorable to defendant, a new trial ought to be granted. But the evidence given only went to shew, that Dickson failed to prove defendant’s hand writing to the note, and for that reason recovered against the plaintiff only, and if any conclusion could be drawn from this circumstance, it would tend to shew, that the note was not the note of the defendant, and thus far would operate in his favor in this cause, and not against him.— He cannot therefore complain that improper evidence has been received.
I have met with some difficulty in seeing the application of the 2nd and 3rd grounds, to the facts of the case. But if 1 understand them, they insist that inasmuch as Dixon recovered only against the plaintiff, *236 thatthe record was conclusive evidence,that the plaintiff was the principal or only debtor, and that parol evidence ought not to have been admit,tedto contradict it; and this be the correct understanding^ am satisfied these grounds were taken without due consideration. The counsel could not have supposed, that the creditor by electing against which of several joint and several debtors he would proceed in his action, subverted entirely the rights of sureties against their principals, and of contribution amongst joint debtors.
If a surety dis-of hifeprinci>ab by his own note which is accept-he "may^Sn-tain an ac-üon affainst ,1¡s principal, fur ó'S'aiKl^cxp’oiKí!
Williams & Witherspoon, for the motion.
Hill, contra.
Dickson recovered his judgment against the plaintiff in 1816, and it was satisfied in 1830, so that notwithstanding the note was dated in 1804, the plaintiff’s right of action did not accrue until 1830, when he paid tlie debt; and it will not be pretended that the presumption of payment would arise since that time. The statute is not pleaded, and the action was brought within four years thereafter.
Motion dismissed. (a)
G’Neall J. concurred.
Harper J. absent.
joint action a-?ip“ aídesurc“y to a note, a diet was found in favor of tito gainstthe surety; this record will not preclude tiio onStwhiche the otSedi ds debt of the where,

 This case first came on for trial before Mr. Justice Earie at Spring Term,1832. On the evidence given (which was the same as on the last trial,) the presiding Judge held that the plaintiff could not recover, and he submitted to a nonsuit, with leave to move the Court of Appeals to set it aside, which he accordingly did, at May Term, 1832.
O’Neaia J. delivered the opinion of the Court.
^ie nonsuit ordered in this case, has been attempted tobe sustained on two grounds:
^st' ®ecause Pontiff paid no money, but gave his note in safisfaetion of the debt of the defendant.
*237 2nd. Because the judgment rendered, in the case of Dickson ». this plaintiff and defendant, precluded the plaintiff from recovering in this action. These grounds, I propose to examine briefly.
1st. The first, were it not for the authorities to which the circuit judge with his .usual learning and ability, has referred, would not have created any difficulty in my inind. Any thing which the party paying, and the party receiving, think proper to regard as money, must generally he so regarded in a Court of justice. Property delivered and accepted as money, may be so considered: and a debt thus paid could never be again Bank bills which are nothing but the promissory notes of a corporation are in all the affairs of life, and in all the Courts, regarded as money. A payment of the debt of a third person at his request, in bank bills, would sustain an action for money paid, laid out and expended. Why? because they are considered by the party paying, and the party receiving, as money. If a security discharges the debt of his principal by his own note, which is accepted as payment, is it not as much money paid, laid out and expended as if he had paid it in the notes of a Bank? To me it seems to be unquestionable that it is. In Barelli Torre & Co. v. Brown & Moses, 1 M’C. 449, it was held in this State, that a note unless accepted as payment, was no discharge of a precedent deht. But if accepted as payment, I apprehend that it could not he doubted, that it was. The only enquiry it seems to me in such a case as the present, to ascertain whether tho nofe should be regarded as money paid, is, does it discharge the pre-existing debt? If it does, then it must be regarded as money paid — For that is what is secured by the contract of the defendant, and if it is discharged by the plaintiff then he has paid so much money for the defendant. In Sheehy v. Mandeville, 6 Cranch 264 it is said, “That a note, without a special contract, would not of itself discharge the original cause of action, is not denied. But it is insisted that if, by express agreement tho note is received as payment, it satisfies the original contract, and the parfy receiving it must take his remedy on it.”
"The principle appears to be well settled. The note of one of the parties, or of a third person, may by agreement be received in payment.”
The defendant’s debt is fully discharged by the entry of satisfaction on the judgment against the plaintiff For, it sued, he could plead that in bar to any action, which could ever be brought against him on the note.
I have carefully examined the cases, of Taylor v. Higgins, 3 E. 169.—Maxwell v. Jamieson, 2 B. & A 51, and of Cummins v. Hackley, 8 John. 156, referred to by the Judge below, and they appear to have settled, that if the security give his bond for the debt of his principal, it will not support an action for money paid, laid out and expended; but they all directly or impliedly admit, that a note accepted and received in payment would; and the authorities will bear me out in saying, that this is now the settled (aw.
*238 In Barclay v. Gooch, 2 Esp. N. P. 571. it was held that the making an of acceptance of a negotiable paper as payment, was equivalent to the payment of money. In Israel v. Douglass and another, 1 H. Black.239, an order drawn on and accepted by one, who had the funds of the drawer in his hands, was held to sustain a count for money had and received to the use of the payee.
In the case of Witherby v. Mann & Mann, 11 John. 520, Mr. Justice Yates, who delivered the opinion, after adverting to the rule that the mere giving of a bond is no payment of the debt of another, says, “but the principle has not been extended to all kinds ofsecurities thus given. There are cases in which negotiable paper has been held to be equivalent to the payment of money, to which it is in some measure analagous, as when the note is negotiated and in the hands of an innocent indorsee; he of course would be protected, and unless it was considered as a payment of the original debt, the drawer might be made to pay twice. So where the note has been accepted and paid in satisfaction of the debt. The note in this case has not been negotiated, but has been accepted and received by the party in whose favor thejudgment was obtained, in satisfaction of the debt, which is sufficient to authorize this recovery. The decisions cited against this, apply only to cases where the note or bill has not been accepted in satisfaction for the debt.” Again he remarks, “the note having been given and accepted in extinguishment of the debt is sufficient for the purposes of this action. The defendant has received the full benefit; the debt has been satisfied, and as to him, it is the same as if so much money had been paid for him. It was proper evidence to support the count in the declaration for so much money paid, laid out and expended, and which the plaintiff ought to recover.”
It is impossible to distinguish between the case of Witherby » Mann & Mann, and the one under consideration: and the reasons of the Judge for the judgment in that case, are so directly applicable to this, that they completely supersede the necessity of reasoning farther upon it.
2nd. The strange proceedings had in the case of Dickson v. Barnhill & Peters, have created all the difficulties on this part of the case. Plow, on a joint and several contract, in a joint action, a verdict for one, and against 0f the makers, could ever have been rendered, I am at a loss to „ , , , „ conjecture: bntthe fact appears to be so, and we must now give legal ef-feet to the judgment rendered upon the verdict in favor of the defendant.' poes conclude the present plaintiff, from showing that the debt upon ^ t judgment was obtained against him, and which he has paid, was the debt of the-defendant? Judgments, are generally conclusive as be-parties and privies in law or estate. The plaintiff cannot be regar-¿eij as a party to the judgment in favor of the defendant. For as to that, the only parties were the then plaintiff Dickson, and the defendant Barn-hill. He wasin no sense aprivy to it. It could neither charge nordischarge *239 Mm. He cannot therefore be now prejudiced by it. The effect of the judgment must be the same as if Dickson had brought separate action! against each of the makers, and liad recovered in the action against the se curity, but had failed in that against the principal. In such a casé, it would not be contended, thatthe judgment in the case between the principal and payee, would conclude the security from shewing, that the debt paid under the recovery against him, was the debt of his principal.
The motion to set aside the non-suit is granted.
Johnson & Harper, Js. concurred.