Judge Marshall

delivered the Opinion of the Court.
The only question presented in this case, may be stated as follows. If a joint action be brought against all the obligors in a joint and several obligation, and upon the return of ‘not found,’ or ‘no inhabitant,’ as to one of them, the suit be abated as to him, and judgment rendered against the others—may a separate suit be afterwards brought and judgment obtained against the party as to whom the first was abated? or will his obligation be considered as merged in the first proceeding, or discharged by it? And, as it is entirely certain that the mere abatement as to one, cannot either bar another suit against him, or in any manner affect his obligation, the question is, in effect, whether the proceedings and judgment in a suit against two of three joint and several obligors, in which the two defendants do not plead the nonjoinder of the third obligor in abatement, can be pleaded in bar to a subsequent suit against the third obligor. We *174 are of opinion that it cannot, and that the party omitted in the first suit remains liable, as a several obligor, until the obligation shall be satisfied by payment or performance.
The judgment against two, would undoubtedly merge the entire contract as to them, and if the third was no otherwise bound than jointly with them, it might be that the cause of action against him, would also be merged in the judgment against them. But even this seems not to be entirely certain. Mr. Chitty, in treating of the non-joinder of parties liable under a joint contract, says “that if judgment be obtained against one, the plaintiff may have difficulty in afterwards proceeding against the parties omitted.” 1 Chitty on Pleadings, 6th American, from 5th London edition, p. 53. And in the case of Sheeky vs Mandeville, 6 Cranch, 253, the Chief Justice, in delivering the opinion of the Court, says “it is not admitted that a judgment against one of several joint obligors, would terminate the whole obligation, and that a distinct action could not be maintained against the others.” If it be doubtful whether such would be the effect of a judgment against one of two joint obligors, this doubt in the case of a joint contract, would be a strong argument to prove that a judgment against two of three joint and several obligors, would not bar a separate suit against the third.
But conceding, as a majority of the Court is inclined to do—Judge Ewing not prepared to assent—that according to the principles of the common law, such a judgment would be a bar in the case of joint obligors, it is so, because of the unity or entirety of the obligation; the consequence of which is, that whatever releases or extinguishes the cause of action as to one, has the same effect as to the other, there being no power to discriminate between them in this respect. And, as the plaintiff is bound, whenever he sues upon the contract, to sue them jointly, and to make out a joint subsisting liability against all, under the contract alleged in his declaration; of course, the judgment which has merged the liability of some of the co-obligors, is a, bar to a second suit, either against them or against the others. But in the case *175 of a joint and several obligation, the fundamental principle on which these consequences rest, is wanting. There is a several obligation and liability resting on each obligor, independent of that which rests upon the others. The release of one without satisfaction, does not necessarily release the others, and we do not see how or why the merger or extinguishment of the cause of action in any other mode as to one, should merge or extinguish it as to another, who is separately bound, until the debt or duty is itself discharged.
As each of several joint and several co-obligors is bound, either separately or jointly with all the others, and is not bound jointly with a part of the others, the obligee, in suing on the contract, must necessarily treat it, either as the joint contract of all, or as the separate contract of each. He cannot sue two out of three, because if the two are to be considered as jointly bound, they are only so bound in conjunction with a third, who ought to be joined, and if each is to be regarded as separately bound, the two cannot be sued in the same action. By suing two out of three, in one action, he elects to consider them as jointly bound, and he cannot escape from the consequences of his election in that action. One of these consequences is that, if the defendants plead the non-joinder of the third obligor in abatement, the suit will be defeated; but if they do not, the third party will not be noticed or known in the suit, and for all the purpurposes of that action the contract will be considered as obligatory upon the defendants jointly and alone. Admitting then that the judgment against the two, not only merges the entire obligation as to those two, and that it consequently merges, also, the entire joint liability of all three, does it necessarily follow that the separate liability and obligation of the third obligor, who is no party to the proceedings, is also merged or extinguished? We do not perceive the legitimacy of such a conclusion, and we do not think it can be maintained.
The separate existence of the separate liability of one, after the joint liability of all has been terminated, may seem to be an abstract or metaphysical notion, too subtil for practical application: but it exists, and is in effect *176 recognized, in the most familiar instances growing out of joint and several contracts. Does not a judgment against any one of the joint and several obligors, destroy the joint liability under the contract? and yet, may not each of the others be sued upon his separate liability? Does not a release to one have the same effect? Would not separate releases, or a joint release, to two, leave the third liable on his separate obligation? And why should a joint judgment against two have a different effect? Surely there is no room for applying the doctrine of estoppel, so as to conclude the plaintiff from asserting, in a second suit, the separate responsibility of the party who was omitted in the first, because he had impliedly treated the contract as joint, in bringing that suit against two. It was at the same time joint and several. The election to sue more than one, did not change the character or consequences of the contract. The separate liability of the two obligors who are sued jointly, is not suspended or extinguished merely by the election of the obligee to sue them jointly; for if the suit be terminated otherwise than by a judgment which would bar any other action, he may still sue each of them separately. It is the judgment, whether against two or one of the co-obligors, which includes and merges the entire liability of the defendant or defendants. And as that can, by its own force, affect only the joint liability of the obligor who is not a defendant, his separate liability is still existing and enforcible.
It is obvious, without repetition, that the positions which we have taken, and the conclusion to which we have come, are equally applicable to the question as first stated, in which the first suit is supposed to have been commenced against all the parties who were jointly and severally liable, but to have been abated as to one on the Sheriff’s return, and a judgment taken as to the residue. The statutes, in allowing this, puts the plaintiff in a better condition than if he had omitted to sue the party as to whom the abatement is taken; and does not intend to put him in a worse condition in any respect. And whether an abatement, on the Sheriff’s return, as to one of several joint obligors, would not leave the party as to *177 whom the abatement is entered, subject to a future action, is a question arising on the construction and operation of the statutes, which we do not mean to decide, as it is not necessarily presented in this case.
The facts presented by the pleadings of the defendant, are substantially those which have been just stated, he being the party as to whom the first suit was abated; and as those facts were, upon the principles herein asserted, insufficient to bar the plaintiff’s action, the demurrers to the pleas should, in our opinion, have been sustained.
Wherefore, the judgment for the defendant is reversed, and the cause remanded, with directions to sustain the plaintiff’s demurrers to the defendant’s pleas, &c.