Avery, J.
The judgment, to reverse which this writ of error is brought, was rendered by the superior court of Cincinnati in an action of assumpsit. The action was in the name of James IT. Lea, cashier, as plaintiff, against Albert G. Sloo & Horatio G. McClintoc, partners under the style of A. G. Sloo & Co., as defendants. The writ was issued against both the partners, but, the sheriff having returned not found as to McClintoc, the declaration (as is allowed'by our statute) was filed, and the case proceeded to trial and judgment against Sloo alone, the partner actually served with process. The judgment of the superior court of Cincinnati will be affirmed, in ease the judgment mentioned in the pleadings as recovered in the State of Illinois, be not a bar to the suit of the present plaintiff, Lea; if it be declared a bar, then the judgment of the superior court must be reversed.
Upon an examination of the records and evidence as shown by the bill of exceptions, we have come to the conclusion, that the warrant of attorney, by virtue of which the judgment was taken in the circuit court of St. Clair county, Illinois, was not received as collateral security. The warrant was addressed to any attorney of any court of record of the State of Illinois, drawn in the usual form of such instruments, authorizing the attorney to appear for Sloo & McClintoc, receive a declara^ tion and suffer judgment to pass by confession, nil didt or non sum informatus, in favor of the president, directors and company of the State Bank of Illinois, for the sum of $125,000. Courts of record permit such instruments to be filed, and without further inquiry, give to them the effect intended by the parties, by authorizing judgment to be entered, on the confession of the attorney, instead of requiring the personal presence and confession of the defendant himself. We have discovered no reason for treating this warrant as collateral security, and can only view it as one of the common modes of obtaining a direct judgment for the debt against the parties indebted. The warrant of attorney appearing amongst the files, was executed with the design to give the bank a judgment against both the *305 partners, Sloo & McClintoc. But though signed in the partnership name, it had been executed by McClintoc only, and was not of binding force against his partner. The judgment,, therefore, taken against both, was erroneous, and was afterwards,, for that cause, reversed as to Sloo, by the supreme court of Illinois.
Upon the state of facts as above shown, two questions are-presented for the decision of this court.
First. Is a judgment against one of two partners, drawers-of a bill of exchange, a bar to a subsequent suit upon the same-bill against both the partners ?
Second. Is the judgment in Illinois shown to us to be a-nullity in that state ?
Upon the first point, a decision was pronounced as early as-the year 1816. The decision will be found in the case of Ward v. Johnson and Johnson, 13 Massachusetts R. 148. The court there determined, that in an action on a joint promise, the plea of a former judgment against one of the defendants,, upon the same promise, was a good bar. A case establishing, the same principle was decided afterwards in the State of New York, found in the 18th Johnson’s Reports, 459, Robertson v. Smith and others. This was an action of assumpsit upon two promissory notes, in which a ease was made by consent, subject to the opinion of the court, upon this question : Can the-plaintiff, notwithstanding the judgment already obtained, (which was against two only of the makers,) maintain this action against all of them, on the same notes, admitting that all the-present defenders were partners, when the notes were made ? If they cannot, then a judgment of non-suit to be entered. It was there held by the court, that a judgment against two, was a bar to the action pending against the four defendants,, for the same cause of action. A case somewhat later was determined in Pennsylvania, (Smith and another v. Black, 9 Sergeant & Rawle 142,) holding the same doctrine, that a judgment against one partner is a bar to a subsequent suit against. *306 both, though the defendant was at the time of the contract a dormant partner, and not known to be a partner till after the judgment was recovered. There is also a case quite recently determined, (King and another v. Hoar, 13 Meeson & Welsby 493,) which decides that a judgment recovered against one of two joint debtors is a bar to an action against the other. Parke, Baron, in pronouncing the opinion, expresses surprise that the same question should never have arisen before in the English courts. He cites as contrary to the conclusion the'court had come to, the opinion given by the Chief Justice Marshall, in the case of Sheehy v. Mandeville, 6 Cranch 253, and says : “ We need not say that we have the greatest respect for every decision of that eminent judge, but the reasoning attributed to him was not satisfactory to the court.” He then refers to a report of a subsequent case in this country, as holding a different doctrine, (the one already noticed in the 13th Massachusetts.)
A case still later than any of those already noticed, was decided in 1845, in the circuit court of the United States. It is Trafton & Bright v. The United States, 3 Story’s Rep. 646, in which court also the case, in 6th Cranch, of Sheehy and Mandeville is commented upon, and the judge, Story, takes occasion to express the doubts he had entertained for years, of the propriety of that' decision, and to say that the distinction taken as long ago as in Higgins’s case, 6 Coke’s Rep. 44, 46, between joint contracts and joint and several contracts, he thought to be a sound one. The judge remarks as to the case •of Sheehy and Mandeville, that in a case precisely identical he should deem his judicial opinion bound by it, and should follow it without question. The judge was, however, able to find a ■distinction between the two cases; in the one before him, the bar of the judgment was set up by the judgment debtor himself, but in the other it was set up by the other defendant. Upon such a distinction the judge felt at liberty to disregard the preoedent, and to decide in accordance with all the other authorities to which I have alluded. And in the case before him he maintained the doctrine as decided, that to an action brought *307 against two joint contractors, a judgment rendered against one might be set up as a bar to the rest.
This court recognize the principle as established by the authorities before quoted, and decide also that a judgment against one of two partners upon a joint promise, is a bar to a subsequent suit against both upon the same promise. This determines the first point. And it remains only to examine the second, and to determine whether the judgment in Illinois is void. If void, it cannot of course be set up as a bar to a subsequent suit. This judgment of the circuit court of Illinois was taken, by a writ of error, before the supreme court of that state, and the case is reported in 1 Scammon’s Rep. 444. The opinion of the court as there given, declares, “ that the judgment in the circuit court is erroneous and void as to Sloo, having been entered up without authority. It is therefore ordered that the judgment of the circuit court, .as to Sloo, be reversed, and that court be directed to cause the execution thereon as to Sloo, to be set aside.” After the use of such language by the supreme court, in terms reversing the judgment as to Sloo, and as to him only, and setting aside the execution as to him alone, while the judgment against McClintoc is left standing upon the record, to all appearance by design allowed to remain unaffected by the reversal, we do not feel at liberty, without further proof of what is the law upon the subject in Illinois, to pronounce the judgment a nullity. It may be erroneous and liable to be reversed on a writ of error; it may also, for aught that appears, be set aside upon motion before the court in which it was recorded; there may be various ways perhaps of subjecting Sloo to the payment of this debt. But while the judgment in Illinois is suffered to remain upon the docket in force, or we are left so to infer, no second judgment on the original liability can be recovered here against MeClintoc, or against both jointly, or against Sloo separately, upon the original cause of action;- because it is already, or must be presumed to be, merged in the judgment.

Judgment of the Superior OouH reversed.