Caruthers, J.,
delivered tbe opinion of tbe Court.
William McKissick and E. M. Stratton were joint undertakers with tbe commissioners of tbe County Court of Giles county for tbe building of a court-bouse in tbe town of Pulaski in 1851, and were to share equally in tbe loss or profits of the undertaking.
The contract was made and signed by Stratton alone, McKissick being a secret or dormant partner. Tbe business was conducted and all contracts made by and in tbe name of Stratton. Tbe plaintiff was employed by tbe ostensible partner to work upon tbe court-house, and bis account for wages, after deducting • payments, amounts to one hundred and sixty-eight dollars, for which this suit was brought before a justice of tbe peace. Stratton exe *231 cuted his note for the amount of the account, upon which a judgment was obtained against him, but the money not collected, on account of his insolvency. When it was discovered that McKissick was a dormant partner, this suit was instituted by warrant against him upon the account, judgment rendered against the plaintiff, and the same affirmed in the Circuit Court. A new trial was refused, and the case brought here by an appeal in the nature of a writ' of error.
The successful defence below was placed upon two grounds: 1. That the several notes and judgments against Stratton extinguished the account. The note was not under seal, and could not therefore have that effect, unless it was so understood and intended by the parties. This would make out a case of election, and render it an individual debt, and exonerate the other partner. But how could the plaintiff elect to look to one partner alone, when he was ignorant of the existence of the partnership ? This doctrine does not apply to the case of secret partners until they are known to exist. So in this case the plaintiff cannot be held to have relinquished his claim upon the dormant partner, and agreed to look to Stratton alone, until he had knowledge of the facts, and acted in reference to them. But the contracts and assumptions of Stratton had the same effect as if the name of both partners had been used, because his name was of the firm to all intents and purposes. The judgment upon the note could have no greater effect. By our law, partners are'liable either jointly or severally. Act of 1789, ch. 57, C. . & N., 415. A recovery against one is no defence or protection to the other until satisfaction. The authorities, on this point are collected in Oolyer on Part., *232 Perkins’ edition, § 757, and notes 2, 3, etc. It -will be found that both sides of the proposition are -well sustained by cases. This authorizes us to adopt that class of cases which we deem most consonant with reason and justice. The cases of Shelby vs. Mondevell, 6 Cranch, 253, and Watson vs. Owens, 1 Richardson, (S. C.,) 111, fully sustain the position we assume. Although the first case has been regarded by some of the Courts as overruled in 2 Sumner, 438, and in Story C. 0., 646-651, the Court regarded it as authority, and said that wherever it applied he would consider “his judicial opinion hound by it, and should follow it without question.” We are not however aware that in the States where it has been . held that a judgment against one partner would operate as a bar to a suit against another without satisfaction, any statute like ours exists, by which the partners are made severally liable.
2. Another ground is relied upon, and is probably the one upon which the case was decided by the jury under the charge of the Court; that is, that the contract between the partners was that McKissick was to furnish certain slave mechanics, and Stratton on his own account to hire an equal number of workmen, and that plaintiff, being one of them, must look to Stratton alone. This term in the formation of the partnership is disclosed in a bill filed by McKissick for a settlement, which was read as evidence by the plaintiff to prove the fact of partnership.
Upon a supposed error in the charge of the Court on this point the plaintiff mainly relies for a new trial. His Honor charged that the plaintiff was bound by the terms and conditions of the contract of partnership on an *233 attempt to make the secret partner liable. The -words of the charge on this point are, “He” (the dormant partner) “would he liable to the plaintiff only to such extent as his terms of partnership with Stratton would make him liable. That, as the plaintiff did not trust on the faith of the liability of the dormant partner, he, when discovered, is liable for the previous dealings of his partner to the extent of the terms of the partnership only, whether the plaintiff knew of the terms of the partnership or not at the time the debt was created.”
We think the law is otherwise. Those who deal with a firm are not hound by the secret and unknown stipulations for the restricted and limited liability of the dormant partner, hut these can only he binding as between themselves in the adjustment of their rights. This rule applies as well to dormant as ostensible partners. Creditors of the firm have a right to make all the members liable to the full extent of their claims against the firm, without regard or even in direct opposition to their partnership contract, which is not known to the other party. Story on Part., §§ 63, 106, 105.
The charge was erroneous, and the judgment is reversed.