HARRY GARBEY *v.* UNITED STATES (No. 3944) [1]

United States Court of Customs and Patent Appeals, June 7, 1937

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for appellant.
*Joseph R. Jackson*, Assistant Attorney General (*Samuel D. Spector*, special attorney, of counsel), for the United States.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

On May 4, 1936, during the October 1935 term of this court, we rendered decision affirming the judgment of the United States Customs Court in the above-styled case, a reappraisement proceeding (*Garbey* v. *United States*, 24 C. C. P. A. (Customs) 48, T. D. 48332). The judgment so affirmed by us was one reversing the judgment of a single judge of the United States Customs Court. Appellant, Garbey, in due time presented a petition for rehearing which was denied by us October 26, 1936, during the present, October 1936, term. On December 2, 1936, mandate issued from this court to the United States Customs Court which, on December 31, 1936, in accordance with the mandate, entered judgment affirming (or reaffirming) its original judgment. Abstract 35389.

On January 27, 1937, appellant filed in this court a paper entitled "Motion to set aside Decision." This motion for the first time raised a question of jurisdiction. It is alleged therein that the application for review of the judgment of the single judge, purporting to have been made on behalf of the Government, filed in the office of the clerk of the United States Customs Court February 23, 1935, "was signed

[1] T. D. 49067.

merely by the Assistant Attorney General, rather than in the name of a party to the case" and that the application, therefore, "is invalid * * * and * * * all proceedings subsequent thereto are null and void and should be set aside." It appears from the application for review that it was signed only "Joseph R. Jackson, Assistant Attorney General", and that "The United States" appears only in the caption. It is contended, in effect, that, since the application was not signed in the name of the United States, the Customs Court was without jurisdiction to hear and determine the appeal to it, and that all proceedings, including those in this court, subsequent to the judgment of the single judge were null and void.

In view of the legal effect which resulted from the issuance of the mandate of this court (and, it may be said, the compliance therewith by the Customs Court), as above recited, we do not find it necessary to determine whether the application for review of the judgment of the single judge was valid, or whether its alleged defectiveness might, if necessary, even now be cured by amendment as was held might be done in the case of *United States* v. *Geo. S. Bush & Co., Inc., et al.,* decided May 29, 1937, 25 C. C. P. A. (Customs) 38, T. D. 49039.

We regard it as well settled that, under circumstances such as here exist, it is now too late to raise the question of jurisdiction.

The initial case bearing directly upon this subject, so far as courts of the United States are concerned, seems to be that of *Skillern's Executors* v. *May's Executors,* 10 U. S. (6 Cranch) 266, decided in 1810. The decision there, including the statement of facts, is brief and we here reproduce the same in full:

### Skillern's Executors v. May's Executors

#### Jurisdiction

It is too late to question the jurisdiction of the circuit court, after the cause has been sent back by mandate.

This was a case certified from the Circuit Court for the District of Kentucky, the judges of that court being divided in opinion.

The former decree of the court below had been reversed in this court, and the cause "remanded for further proceedings to be had therein, in order that an equal and just partition of the 2,500 acres of land, mentioned in the assignment of the 6th of March 1785, be made between the legal representatives of the said George Skillern and the said John May." (4 Cr. 141.)

The cause being before the court below upon the mandate, the question occurred which is stated in the following certificate, viz: "In this case a final decree had been pronounced, and by writ of error removed to the supreme court, who reversed the decree, and after the cause was sent back to this court, it was discovered to be a cause not within the jurisdiction of the court; but a question arose, whether it can now be dismissed for want of jurisdiction, after the supreme court had acted thereon. The opinion of the judges of this court being opposed on this question, it is ordered, "that the same be adjourned to the supreme court for their decision," &c.

This Court, after consideration, directed the following opinion to be certified to the court below, viz: "It appearing that the merits of this cause had been finally decided in·this court; and that its mandate·required only the execution of its decree, it is the opinion of this court, that the circuit court is bound to carry that decree into execution, although the jurisdiction of that court be not alleged in the pleadings."

In the case of *McCormick et al.* v. *Sullivant et al.* (1825), 23 U. S. (10 Wheaton) 192, 199,·Mr. Justice Washington said: "If the jurisdiction be not alleged in the proceedings, their [the lower Federal courts'] judgments and decrees are erroneous, and may, upon a writ of error or appeal, be reversed for that cause. But they are not absolute nullities." "This", he declared, was "strongly intimated, if not decided * * * in the case of *Kempe's Lessee* v. *Kennedy* (5 Cranch 185), and was afterwards confirmed by the decision made in the case of *Skillern's Executors* v. *May's Executors* [*supra*]."

Extensive research on our. part fails to disclose any case in which the Supreme Court has abrogated or, to any extent, modified, the rule thus announced by it. Upon the contrary, it has been cited with approval in many decisions of that court, a number of them being cases where it was held that there may not be a collateral attack upon a judgment or decree of a court of the United States after final disposition of a case, even though the jurisdictional facts do not appear in the record. *Dowell* v. *Applegate,* 152 U. S. 327; *Evers* v. *Watson,* 156 U. S. 527; *Cutler* v. *Huston,* 158 U. S. 423; *Riverdale Cotton Mills* v. *Alabama and Georgia Manufacturing Co.,* 198 U. S. 188; *United States To The Use Of Hine* v. *Morse and Others, Executors of Clarke,* 218 U. S. 493.

We think the rule is clearly applicable here. In consequence, the "Motion to set aside Decision" is *denied.*