Wilde, J.,
delivered the opinion of the Court. The plaintiff in this action declares on a joint promise made by Thomas and Henry Johnson. The defendants plead severally in bar, a judgment rendered in favor of the plaintiff,, and his deceased partner, in a suit against Henry Johnson, one of the co-defendants ; and aver, that it was founded on the same promise set forth in the plaintiff’s declaration.
Although it would be difficult to support these pleas on a special demurrer, yet, the plaintiff having replied, and tendered an issue, which has been found against him, it remains for us to consider, whether the facts averred in the pleas, and which have been verified by the record, are, in law, sufficient to constitute a substantial bar to the plaintiff’s action ; and we are all of opinion, that they must be so considered.
This being a joint action, to support the declaration a joint subsisting cause of action must be shown against both the defendants. If, therefore, one of the defendants can plead a sufficient bar, as it respects himself, it shall avail the other defendant also ; for it shows, that, at the time of the commencement of the action, no joint cause remained ; thereby falsifying a material averment in the declaration.
By the recovery of judgment in assumpsit the contract is merged, and the form of action changed ; a higher security for the debt being substituted. In like manner, the acceptance of a bond for a debt *125 due upon simple contract operates as an extinguishment. The contract, therefore, as it respects Henry Johnson, must be considered as merged in the former recovery against him. No instance has been found, and we apprehend none can be found, of two judgments being held good against the same person, for the same cause of action.
It is true, that, in case of a joint and several contract, an unsatisfied judgment against one of the promissors is no* bar to a subsequent action against the other. But in such case the separate judgments amount, in substance, to the same as a joint judgment against all the promissors. In both cases, each defendant is liable for the whole debt, and payment by one will discharge the others. If, then, in the case at bar, the contract had been joint and several, there can be no doubt that an action against Thomas Johnson might be well maintained, notwithstanding the former judgment against Henry Johnson. Whether such an action can be supported, the contract being joint, may admit of more doubt; as to which, however, we are not now required to give an opinion. The case of Sheehy vs. Mandeville Jamesson [6 Cranch, 253] is certainly a strong case in support of such an action ; and it has been cited by the plaintiff’s counsel, as going the full length of supporting the case at bar in its present form. But it must be observed, in that case, that, although Jamesson had been arrested, he never appeared and pleaded to the action. Having obtained a discharge under an act of Congress for the relief of insolvent debtors, and having been discharged by a judge upon entering a common appearance, no further proceedings seem to have been had against him. The plaintiff accordingly proceeded against Mandeville alone, and it was admitted, or strongly intimated, that the facts disclosed in that case were sufficient, if they had been properly pleaded, to bar the action as against Jamesson. The Chief Justice says, “ Admitting, for the present, that a previous judgment against Jamesson would be a sufficient bar as to him; had Jamesson and Mandeville joined in the same plea, it would present an inquiry of some intricacy, how far the benefit of that bar would be extended to Mandeville.”
It is generally true, in case of joint obligations and contracts, that the discharge of one of the obligors or promissors is a discharge of the whole. Thus, a release to one joint obligor or promissor will operate as a discharge of the whole contract; or, if a feme sole obligee take one of the obligors to husband, it is said to be a release in law *of the debt, being her own act. But, if one of sundry joint obligors be discharged by operation of law, without the consent of the obligee, and by no act of his, it shall not take away his remedy against the solvent obligor. Thus, if two give a joint obligation or promissory note of hand, and one *126 obtain a discharge under a bankrupt law, a« action lies against both ; and, if the insolvent debtor plead his discharge, the plaintiff may enter a nolle prosequi against him, and proceed to judgment against the other. Upon these principles, the judgment against Mandeviile, in the case from Crunch, may be supported ; Jamesson's claiming his discharge under the insolvent law being considered, as doubtless it was considered, as equivalent to a plea of bankruptcy.
But in tile case at bar both the defendants have pleaded the former judgment; and we think it is clearly a good bar, so far as it may relate to Henry Johnson, for the reasons before given. And we know of no principle of law which can authorize us to give separate judgments in an action on a joinf contract. The result is, that the plaintiff having failed to support his declaration, the defendants must have judgment for their costs.
They are not, however, entitled to separate costs, in consequence of having pleaded separately. They might have given a joint plea, and ought so to have done ; and, although the plaintiff has waived the advantage he might have had on demurrer, yet the defendants are not to be allowed a benefit to which they could not have entitled themselves by a plea in more strict conformity to the rules of pleading.