Judge Coalter
delivered his opinion, in which the other Judges concurred.*
Jones moved in the County Court against Blake B. Woodson and John Raine, for an award of execution on a delivery bond. Notice to both was proved; but Wood-son did not appear. , Raine appeared, and pleaded non est factum,, and a jury were instanter sworn. Henry ' Jl. Ligón was the deputy sheriff who took the bond, and was examined by the plaintiff as a witness. After he was examined, he was objected to on the score of interest; and thereupon both he and the sheriff were released by the *387 plaintiff, as the record says, and then the witness was again examined. The jury found a verdict for the plaintiff, if the witness was legally received by the Court, if not, for the defendant. The judgment is then entered, either against both defendants, or against the defendant Raine alone. Both defendants apply for a supersedeas to the Superior Court of Law, alleging that a judgment was obtained against both, which was awarded; and the cause coming on to be heard, the Superior Court was of opinion, that the verdict of the jury, and proceedings set out in the bill of exceptions, did not contain sufficient certainty to enable the Court to ascertain whether judgment ought to be given for the plaintiff, or the defendant John Raine. The judgment as to Raine was therefore reversed, and the’cause remanded to the County Court for a new trial as to’him; and being of opinion that there was no error in the judgment as to Woodson, affirmed it as to him, with damages and costs, and gave judgment for Raine for his costs in prosecuting the supersedeas.
To this judgment Jones obtained a supersedeas from this Court, but not until the 22d of December, 1822. He gave bond on the 6th of January, 1823. The first judgment in the County Court was on the 25th of December, 1820; that of the Superior Court, on the 4th of-October, 1821. There is an appeal also depending, the record in which copies the same proceedings, with some slight, and others important variations, down to the judgment of the Superior Court above mentioned; and then it proceeds to state, that at a quarterly Court continued and held for Cumberland county, on the 22d day of October, 1821, this cause came back from the Superior Court, with the instructions of the Judge, &c. and the defendant moved the Court for a continuance, which was over-ruled, and a bill of exceptions taken.
The exceptions state, that the defendant Raine moved for a continuance, on an affidavit, that Blake B. Woodson was a material witness for him, had been duly summoned, &e. but was absent, &e. but it appearing to the Court that *388 he was the same Blake B. Woodson, who was a co-obligor with the defendant in the bond, the motion was over-ruled. There was a jury sworn to try the issue; and thereupon the plaintiff released Ligón and the high sheriff, and then introduced Ligón as a witness to prove the acknowledgment of Raine to the bond, which was objected to, but the objection was over-ruled, and an exception taken. The objection was, that he had been examined on the first trial, before he was released, &c.
The jury returned a verdict for the plaintiff, and judgment thereupon was entered against the defendant Raine; a motion for a new trial being over-ruled, as well as several objections taken to the form of the bond, the execution and sheriff’s return.
To this judgment, another supersedeas was obtained from the Superior Court; which coming on to be heard, on the 1st of October, 1822, that Court over-ruled the objections taken to the bond, return, fee. But, being of opinion, that Lig.on was an incompetent witness, and that Woodson, though a co-obligor, yet, there being a judgment against him, as he could not therefore be made better or worse by the proceeding as to Raine, was a competent witness for him; and so the Court erred in not granting a continuance. The judgment of the County Court, on these grounds, was reversed, &c. and sent back for a new trial, with directions, that the testimony of Ligón was not to be heard, but that of Blake B. Woodson may, unless objected to for some legal cause not now appearing. From this judgment an appeal was prayed to this Court by Jones, and allowed.
The record in this appeal, as sent to this Court, shews that the first judgment was against Raine only. This is probably a. mistake on the record; not only because other trivial variances appear, but because both parties admit in their first petition, that the first judgment was against both, (though from the record in the supersedeas, that seems doubtful,) but, because in both records, the judgments of *389 the Superior Court, speak of the first judgment .being against both. At present, I will take it to be so.
Thus it seems, as far as the first judgment of reversal goes, that case is before the Court, as well on the appeal' taken as last mentioned, as by a writ of supersedeas to the first judgment of reversal, obtained since the appeal. This Js surely irregular. Had this supersedeas been obtained before the second trial in the County Court, it .would have stopped the proceedings there, until the decision here upon that supersedeas.' But, that is obtained after the appeal from the second judgment of the Superior Court, reversing the second judgment of the County Court, is taken, and which brought up the whole case. The first judgment of reversal was acquiesced in, until after the second trial in the County Court; and a novel case would have been presented, had the second verdict been for the defendant..
But, can a party, after so far submitting to a judgment of reversal, which does not finally end the controversy, but, orders a new trial, bring up the first judgment of reversal, so as to have it reversed, and judgment for the plaintiff,, without connecting with it the after-proceedings? It would seem to me, that he could not, unless it was brought here before the trial, and verdict had in pursuance of the reversing judgment, and which would supersede and stop those proceedings. After that, it must stand in the whole proceedings,, to be brought up by appeal or supersedeas.
It results, then, that the supersedeas must be quashed, as improvidently issued, and at the costs of the plaintiff.
The case then rests on the record in the appeal. But, that record presents another singular case. The first judgment of the County Court, (as is now supposed,) was against Woodson, the principal in the delivery bond, by default, and against Raine his surety, after defence on a plea of non est factum. This judgment was brought before the Superior Court on a supersedeas, at the instance of both the defendants. It was affirmed.as to Woodson, with damages and costs, but reversed as to Raine, and'cost5! *390 given to him. This was clearly erroneous. The judgment was joint and an entire thing, and could not be reversed as to one, and affirmed as to the other. But, can we look to this error now, it not being brought before us until after the second trial in the County Court? It seems to me that we must do so, otherwise, there may be two distinct judgments, and for different amounts, against two parties to a joint suit. But, it seems fully settled by this Court in various cases, that we can and must enquire into the propriety of the first judgment of reversal. Knox v. Garland, 2 Call, 242. Robinson v. Gaines, 3 Call, 243. Biggers v. Alderson, 1 Hen. & Munf. 54. Fisher v. Duncan, 1 Hen. & Munf. 563. Lyons v. Gregory, 3 Hen. & Munf. 237. There the point was expressly wade, “ that it was too late to affirm the first judgment of the County Court,” &e. This objection was over ruled, and the first judgment of the County Court was affirmed, with damages from the date of the first writ of supersedeas. This was the first case in which the question as to the damages, seems to have been expressly decided. The case of Horrel v. M’Alexander, 3 Rand. 94, was also decided on the same ground. Had the judgment been reversed as to both, then Woodson would have been a party to the suit which went back and was tried, at the second trial, and on no account could have been a witness. But, this must be taken to have been his situation in point of law. • The only doubt as to his competency, arises from the severance of the parties by the reversing judgment, leaving Woodson indifferent, and not interested, as is supposed, even as to the costs accruing in the suit subsequent to the affirmance against him. But, even if this improper severance must remain uncorrected, because that judgment was not brought here until after the second trial in the County Court, is it true, that Raine, if he should be finally cast, would not have recourse against his principal for the whole recovery against him, including as well all subsequent costs recovered against, as all expended by, him? I think he would: *391 and therefore, in this view, Woodson would be interested to the extent of those costs, which is a sufficient interest to exclude him as a witness.
I am also of opinion, as well on the authority of the case of Callow v. Mime, 2 Vern. 1472, as other cases, that although the circumstance, that Ligón was interested, and an incompetent witness when he was first examined, ought to go very strongly to his credit, on his second examination after the release in the proceedings mentioned, that yet that release restored him to his competency, and he was then properly examined.
As to the first judgment of the County Court, if that was a joint judgment against Woodson and Raine, I think there was no error in it, and that the verdict and proceedings justified such judgment; and that, consequently, according to the eases above cited, both judgments of the Superior Court, and all the proceedings subsequent to the first judgment of the County Court, ought to be reversed and set aside, and that the first judgment of the County Court ought to be affirmed, with damages from the date of the first supersedeas, and costs; in which, it seems to me, all the costs of the appellant in the County Court, subsequent to the first judgment, ought to be taxed.
But if, as the record now before üs purports, the first judgment was against Raine only, and not against Wood-son also, then I think that judgment was erroneous for that cause; and therefore, as was done in the case of Fisher v. Duncan, 1 Hen. & Munf. 563, above cited, that judgment ought also to be reversed,' with costs to the appellee Raine, and judgment entered for the appellant on the bond, as it ought to have been, against both Woodson and Raine.
The parties must, by consent or otherwise, ascertain the fact, whether the first judgment was joint against both, or only against Raine, in order to enable us to enter either the one or the other of the judgments above, as that fact shall turn out.

 The President and Judge Cabeii absent.