## Ticknor vs. Harris & a.

Where an action, *ex contractu*, is commenced against several defendants, and the plaintiff, finding he cannot maintain his action against all of them, becomes nonsuit as to two or more of them at the same time, there having been no separate pleading, and the ground of defence being common to all those discharged, the defendants thus discharged are not entitled to several bills of costs.

COVENANT BROKEN. There was a general demurrer to the declaration, and a case stated, upon which the court decided that the action could be maintained at law against Elizabeth Harris, widow of John Harris, and also against Thomas J. Harris; and that it could not be maintained against the other defendants, legatees of John Harris.

The plaintiff subsequently discontinued as to Elizabeth Harris, who had deceased, and become nonsuit as to all the other defendants, except Thomas J. Harris. Three of the defendants were minor children of Thomas J. Harris, and were personally served in the process. The other defendant was Jedediah Harris. But one counsel has appeared for Thomas J. Harris and his children.

The plaintiff moved that a single bill of costs be taxed for all the defendants who were discharged.

*Duncan*, for the plaintiff.

*Blaisdell*, for J. Harris.

*T. Leland*, for all the defendants. 1. In this case there could not have been a joint recovery, because there was no joint liability; and if the plaintiff could have maintained his suit, there must have been separate pleas and separate judgments; therefore, as each defendant was summoned in by one and the same process, on separate and distinct liabilities, each is entitled to his separate bill of costs.

This case was not settled on a joint demurrer, but upon a case made to take the opinion of the court.

2. But here is a nonsuit as to part only of the defendants. The other may or may not be chargeable eventually. There is

no rule when suit is still pending, after nonsuit as to part, which limits them to one bill of costs.

3. If the plaintiff eventually recovers against T. J. Harris, or if his claim is allowed by the commissioner on Elizabeth Harris's estate, he will in either case be entitled to his costs.

There is no reason why this case should be taken out of the ordinary course of taxing costs under the statute, 385, § 1. The court may, on motion and good cause shewn, limit costs; but they are aware that one bill of costs is an inadequate sum for such an expensive suit.

If there had been a joint plea, where all are chargeable alike, if chargeable at all, as in trespass, there the rule laid down in 6 *N. H. Rep.* 458, *Crosby* vs. *Lovejoy*, might be applicable; but this case stands on very different grounds. These defendants could not, from the very case made by the declaration, be jointly liable. There could not have been a joint judgment, for the declaration sets up distinct interests and different sums for which the several parties are chargeable, if chargeable at all.

That a part of the defendants are, or are not minor children of T. J. Harris, cannot alter the reason or equity of the case, or the law regulating costs. If T. J. Harris is protecting the interests of his minor children at a great expense, and is successful, why should he not be entitled to the benefit and privileges of the law provided for a prevailing party.

In a joint plea of not guilty, one defendant is acquitted, the other found guilty; the one acquitted shall have his costs. The verdict operates the same as separate pleas. 13 *Mass.* 536, *Brown* vs. *Stearns.*

PARKER, C. J. We are of opinion that the defendants who are discharged from the suit, under the provisions of our statutes are entitled to but a single bill of costs. There seems to be no sound principle by which we can sever them. The action was brought jointly against all. The demurrer was by all jointly. They joined also in stating a case. The general ground of the opinion that the action could not be sustained against those who have been discharged, and upon which the plaintiff has become

nonsuit as to them, related to all alike. They were not heirs or devisees. Whether we could have come to a different result if the defendants had pleaded severally distinct matters of defence; as, for instance, where some had pleaded matters in their personal discharge; or whether the case might have been different if it had appeared that there was no pretence for joining the defendants, and that the joinder might be regarded as fraudulent and oppressive, we need not decide. Several pleading does not conclusively entitle the parties to several costs. 11 *Verm. R.* 194, *North Bank* vs. *Wood;* 4 *Hill.* 38, *Trowbridge* vs. *Sharp;* 6 *N. H. Rep.* 458, *Crosby* vs. *Lovejoy;* 3 *Pick.* 303, *West* vs. *Brock;* 13 *Mass.* 148, *Ward* vs. *Johnson.*

*Motion allowed.*