*J. B. Booth*, for appellant.

*Smith, McKinlay*, and *Poor*, for appellee.

————— • ♦ • ————— -

HARLAN *v.* BERRY.

An unsatisfied judgment against one of the payors of a joint and several note, is no bar to an action against the other.
Where the appearance of the note is the only evidence of an alteration in the date, or where such alteration does not appear to be material, the validity of the note should not be affected.

*Appeal from Muscatine District Court.*

*Opinion by* GREENE, J. This action was commenced by Ann Harlan against Thomas S. Berry, on a joint and several note, made by him and one John Brandenberg. The cause was submitted to the court without a jury, and judgment rendered in favor of the defendant, on the ground, as appears by the bill of exceptions, that there

Harlan *v.* Berry.

had been a judgment rendered against Brandenberg on this note; and because the face of the note gave some indications of having been changed from the "21 to the 15" day of the month.

The question arises, is either of these grounds sufficient to justify the court below in deciding against the plaintiff's right to recover.

1. The promise made by the note, is both joint and several. Until the note is paid, both parties are *separately* liable. An unsatisfied judgment upon the several promise of one, cannot be a bar to an action on the several promise of the other. In such a case, the two separate judgments would amount, in substance, to nothing more than a joint judgment against both, and the payment of one would operate as a satisfaction of both. This view is fully sustained in *Ward* v. *Johnson*, 13 Mass., 148.

2. If the *date* of the note was altered, without the consent of the parties, and if such alteration became material, it would, at common law, render the note wholly invalid. But it appears by the bill of exceptions, that there was no evidence given by either party, in relation to the alteration, except the note. This could not show that there was any alteration, after the note was signed, or that it was altered, without the consent of the makers, or that the alteration was material to the makers. Unless these facts appear, the court could not be justified in declaring the note invalid.

Judgment reversed.

*S. Whicher*, for appellant.

*J. Scott Richmand*, for appellee.