Lee, J.
The question in these cases is whether in an action under our statute against the representative of one who was jointly bound in an obligation with another who survives, and upon an issue to the merits going to the validity of the obligation and the right of the plaintiff to recover upon it, the surviving obligor is a competent witness for the defendant.
Isbell was the principal debtor and Brown, and Dunn whose testimony was offered, were jointly bound with him as sureties. In the case first named, then, that of Johnson v. Brown's adm'r, the witness Dunn has a direct and immediate interest to defeat the recovery against Brown's estate, because by so doing he prevents any demand against himself on the part of Brown's estate *647 for contribution of his share of the amount recovered: and if this interest be not released or in some way overcome, he would upon general principles be clearly incompetent. Moreover, if he were in any way relieved from the debt and interest, still he would be liable to contribution for the costs, because the statute gives contribution for the party’s share of the whole amount for which the judgment or decree is rendered, which of course includes the costs. Code of Ya. ch. 146, § 8, p. 58S. And such a liability would render the witness incompetent. Hall v. Cecil, 6 Bing. R. 181; Jones v. Raine, 4 Rand. 386. That the statute gives the remedy only in case the principal be insolvent will not vary the case. By procuring a verdict and judgment for the cosurety, the witness puts an end to all question upon this subject, and that verdict and judgment will be evidence for or against him in any proceeding of the cosurety for contribution.
But it is said the interest of the witness is greater against the cosurety than in his favor because by procuring a verdict and judgment for him, he makes himself liable for the whole amount of the joint obligation, whilst the effect of a verdict and judgment against him would be to subject him to contribution for a moiety, only. This might be so, if the liability in the former case were as immediate and direct as that in the latter. But it is not so. The liability in the former case arises out of the party’s executing the joint obligation and the relation in which he stands to the obligee, whereas in the latter case the liability to contribution grows out of the judgment or decree against the cosurety itself by the terms of the statute. And to counterbalance or outweigh an interest in the witness in one way by an equal or greater in the opposite, the latter must be also direct and immediate. For where the one is direct and the other contingent, the former must prevail. Gooda-cre v. *648 Breame, Peake’s N. P. Cases 232; Hall v. Cecil, 6 Bing. 181, (19 Eng. C. L. R. 47.) Now the interest depending upon the liability of the witness to be sued for the whole, if the action failed as to his cosurety is an uncertain and contingent interest and not immediate and direct. As said by the judges in Slegg v. Phillips, 4 Adolph. & El. 852, (31 Eng. C. L. R. 203,) the recovery might depend on many contingencies ; and the witness comes to prove the note a nullity, a defense which might be equally available for himself; and thus as said by Lord Denman, G. J. “ it is not in the defendant’s mouth to say” that the witness would be benefited by the recovery against the defendant.
Under the English practice for want of a statute making the representative of one who was jointly bound with another liable to an action at law, the precise question in these cases could not occur, as the remedy at law lies only against the survivor. But a very similar question has occurred in cases where the parties were bound jointly and severally, and also in cases of partners where one has been sued without the other being joined; and it has been held in such cases that a party thus bound jointly or jointly and severally, with the defendant, was not a competent witness in his behalf. Thus in Russell v. Blake, 2 Mann. & Grang. 374, (40 Eng. C. L. R. 418,) which was an action against one of the makers of a joint and several promissory note, another of the makers was offered as a witness for the defendant; and it was admitted both by the counsel and the court that he would be incompetent except for the act 3 & 4 W. 4, ch. 42, which however it was held did remove the objection to his competency. In a previous case against one of the makers of such note the same question had been made and had been decided against the competency of the witness who was another of the makers, without re *649 ference to the statute of W. 4, although it had passed iu the year previous to the trial: but it seems not to have been adverted to either at the bar or by tlie court. Slegg v. Phillips, 4 Adolph. & Ellis 852, (31 Eng. C. L. R. 203.) So in cases of partners, one who is proved or admitted to be a partner of the defendant but who has not been sued, cannot be examined as a witness on the part of the defendant. Goodacre v. Breame, Peake’s N. P. Cases 232; Young v. Bairner, 1 Esp. R. 103; Cheyne v. Koops, 4 Esp. R. 110; Hall v. Cecil, 6 Bing. R. 181, (19 Eng. C. L. R. 47.) So in an action against the acceptor of a bill drawn for the accommodation of the drawer, held the drawer was not a competent witness for the defendant. Jones v. Brooke, 4 Taunt. R. 464.
In these, cases the witness was rejected because of the interest which he was supposed to have by reason of his liability over, and such liability for costs only was deemed sufficient to exclude him. And in Slegg v. Phillips, the same argument was pressed that was made here, that the witness had a greater interest to procure a verdict and judgment against the defendant than one in his favor; but that interest was held to be uncertain and contingent and not to counterbalance the direct interest to avoid contribution.
In this view, therefore, according to the authorities, I think Dmn was not a competent witness for the defendant in the case of Johnson, v. Brown's adm'r: and as to the case of Johnson v. Isbell's ex'or, I think it was a sufficient reason for rejecting his deposition that it was not taken in that case but in the other; and that Johnson had the opportunity to cross-examine the witness when it was taken does not remove the objection. For it could not have been used by Johnson against Isbell's ex'or, and therefore for want of mutuality could not be used by the latter against the former: as a man who cannot be prejudiced by a deposition, *650 or proceeding in a suit shall never receive any advantage from it. Gilb. Ev. 55 ; 1 Stark. (Phil. ed. 1830,) p. 264; Hard. 472 ; Paynes v. Coles, 1 Munf. 373, 394; Chapmans v. Chapman, Id. 393, 403. But there is another and broader ground, common to both cases, upon which the objection to the testimony may be rested: and this is that the witness Dunn by procuring a verdict and judgment for the defendant was in effect protecting himself against a suit for the same cause of action. For the obligation of these parties having been in its inception, joint, to enable the plaintiff to recover there must be a continuing subsisting liability on the part of the joint obligors and the representatives of those who were dead. For wherever several are bound jointly, if the right of actio,n be gone or suspended as to any one for a cause not personal to him (as in case of his infancy, or bankruptcy or death,) the joint liability being at an end, the others may avail themselves of this suspension or discharge whether produced by the act of the party or by operation of law at the instance and by the act of the creditor. Thus in a case in which judgment had been recovered against two persons as partners, and suit was subsequently brought on the same cause against them and two others as after discovered partners, held that the joint contract of all was merged in the judgment. Robertson v. Smith, 18 John. R. 459. So a judgment on a promissory note against one, was held to bar a subsequent action against him and another alleged to be a dormant partner. Ward v. Johnson, 13 Mass. R. 148. And the same doctrine is asserted in the cases of Smith v. Blade, 9 Serg. & Rawle 142, and Willings v. Consequa, 1 Pet. C. C. R. 301. The case of Sheehy v. Mandeville, 6 Cranch’s R. 253, which would seem to countenance a contrary doctrine has yet not been deemed an authority controlling these cases. See the remarks of Judge Stanard in Ward v. Motter, 2 *651 Rob. R. 536, 566. So a judgment against one joint trespasser is a bar to an action against the others. Wilkes v. Jackson, 2 Hen. & Munf. 355. So where the creditor takes the specialty of one partner for the debt, held that the action against an after discovered dormant partner was extinguished by the specialty. Ward v. Motter, 2 Rob. R. 536. To a similar effect is Pudsey's Case, cited 2 Leon. 110, and Tom v. Goodrich, 2 John. R. 213. And if a verdict and judgment for the plaintiff against one of several who are jointly bound may be admitted in evidence in an action against another as a bar, it would seem to be a necessary corollary (if the deduction be not a fortiori) that a verdict and judgment against the plaintiff in the former action upon an issue going to the merits and ascertaining that the plaintiff never had any cause of action against that defendant, would be admissible as a bar to a subsequent action against another so jointly bound. For the joint obligation would clearly be at an end as to the former, and therefore as we have seen, as to all the others. See opinion of Washington, J. in Willings v. Consequa, 1 Pet. C. C. R. 301.
That this would be so where all the parties jointly bound are in life will not perhaps be questioned, and I think our statute making the representative of a deceased party liable to an action at law will not change the rule. The act it is true provides that such representative may be charged in the same manner as if those jointly bound had been bound severally as well as jointly. This was however for the purpose of the remedy merely because the action against the representative must be a several action as the judgment is de bonis &c.; but it does not convert the obligation into a joint and several one for other purposes. If three or more be jointly bound and one die, the action against the survivors must be against-all. If one only be sued he may plead the nonjoinder of the other *652 survivors or take advantage of the variance; and the principle which holds all who were bound by joint obligation discharged when the joint contract is put an end to as to any one by some matter not personal to him still has its effect. The object of the statute is to save the necessity of a resort to a suit in equity, but not to take away from any party any legal defense which he might otherwise make to the action excepting from the representative of the deceased party the legal discharge upon his death leaving others jointly bound still surviving.
As to the supposed release which is relied on, I think it only necessary to say, that if it was a good release, it would not meet the objection of the witness’s liability to contribution: but in point of fact, it is no release nor could it be pleaded as such by Dunn himself in bar of an action against him. To be available as such, the release must be express and not merely a constructive release. 7 Bac. Abr. (Bouv. ed.) “ Obligations” D, p. 254. This was a mere covenant on the part of Johnson, that at a future period after j udgment should have been recovered against all the parties, he would relieve Dunn from the payment of the same, thus expressly negativing the idea of any bar to an action even against Dunn.
On the whole I think the court did not err in excluding the evidence in- either case and am of opinion to affirm the judgments.
The other judges concurred in the opinion of Lee, J.
Judgments affirmed.