Wardlaw, J.
The three defendants pleaded that on the same note which, in this action, the plaintiff alleges to fyave been made jointly by them, the plaintiff had a former recovery against two of them, under an allegation that it was made by those two. The plea concluded with a common verification. The plaintiff replied that the former recovery without satisfaction, was no bar to this action: that is, in effect he demurred to the plea. He might have replied that Eobert Smith was a dormant partner with the other two, undiscovered by the plaintiff until the commencement of this suit, and that the other two defendants are insolvent, and the plaintiff has yet had no satisfaction. To this the defendants, although they might have traversed some of this new matter, would probably have demurred, thereby bringing to argument the sufficiency of the plea, even when' the new facts stated in the replication were admitted.
The case has been argued with the concession to the plaintiff of .every advantage, which any pleading, by way either of replication or new assignment, could give him; and however the pleadings subsequent to the plea may be framed, it must, if the facts be such as the plaintiff states, present at last this question: Does a judgment on a joint simple contract obtained against two of three joint contractors, without satisfaction, bar an action against the three on the same contract?
I say on the same contract, and here meet the second ground of appeal, which speaks of other counts in the declaration besides the one on the note. If the plea of former recovery concluded with a verification ly record, and that-was proper, *725 prima facie the contract would be taken to be the same, when no new assignment had been made. If the conclusion of the plea by a common verification was held proper, (on the ground that the identity of the promises which in the former action were alleged to have been made by two, with the promises alleged to have been made in this action by three, is a fact for the jury,) then the plaintiff having shown no promises besides that contained in the note, (which is admitted to be the same in both actions,) can derive no assistance from his money counts. It is true that the original consideration, if there was any, might not have been extinguished by the note, and it is true that a note is evidence to sustain a count for money had and received against the maker: but where no consideration for the note has been shown, and the note itself is extinguished, all counts must fail which rely only upon the note for support.
Eeturning then to the question which I have' stated, I proceed to set forth some grounds for the opinion that the former' judgment is a bar to this action, which I gave hastily on the circuit, and have since had opportunity carefully to reexamine. The grounds may all be resolved into submission to high authority; for the argument of the question has been exhausted by the repeated discussions which have been had of it. Our own cases, and some from North Carolina, which have been cited for the plaintiff, have not been elsewhere noticed, and I will endeavor to see whether they can be made to resist the array which the defendants present.
In Collyer’s Treatise on Partnership, Edition of 1848, by J. 0. Perkins, book 3, ch. 6, sect. 7, § 755-7, page 657, and notes 1, 2, 3, may be found a reference to most of the cases on the question in hand, and a valuable analysis of them. For the convenience of those who may choose to refer to the cases, I here bring together in support of the opinion that the former judgment is a bar, the following express decisions, which have been made by eminent judges, and are sustained by arguments that appear to me unanswerable.
*726 IN ENGLAND: King vs. Hoare, 13 Mees. & Wels. 494, where Baron. Park, by comparison of tbe reports Cro. Jac. 74, and Yelv. 67, reconciles Chief Justice Popham’s opinion in Brown vs. Wooten, with the distinction between a joint and a joint and several obligation ; and carries forward the views of Bayley, B., in Lichmere vs. Fletcher, 1 Cromp. & Mees. 634, so as to show that if the former judgment is not a bar, an exception is mp.de to the general rule that a joint contract discharged as to one, by an act of the promisee, is discharged as to all (Nedham's case, 8 Rep. 136“); and the legal effect, which a judgment may have upon one, is made to depend on contingencies affected by the will of another. In Massachusetts, Ward vs. Johnson, 13 Mass. 148 ; Gibbs vs. Bryant, 1 Pick. 121. In New York, Pearce vs. Kearney, 5 Hill, 86 ; Moss vs. McCullock, 5 Hill, 134; Robertson vs. Smith, 18 John. 450; Peters vs. Sandford, et al. 1 Denio, 224; Perry vs. Martin, 4 John. Ch. Ca. 566. In Pennsylvania, Smith vs. Black, 9 Serg. & Rawle, 142 ; Anderson vs. Levan, 1 Serg. & Rawle, 334. In Maryland, Moale vs. Hellins, 11 Gill, & John. 11. In United States Circuit Courts, Grafton vs. United States, 3 Story’s C. C. 651, (where Judge Story’s opinion is pronounced with express reference to the case of Shebey vs. Mandeville, 6 Cranch, 253-4, and Willings vs. Consequa, Pet. C. C. R. 306, decided by Judge Washington.
Add the opinions of Judge Greer, United States vs. Price, 9 How. 93, of Judge Ruffin, Shear vs. Gillet, 1 Dev. Eq. 466, and of Judge Baldwin, 2 Rob. 559, and one might be led to suppose that if decisions in this State look the other way, decisions elsewhere are conflicting, or some special legislation controls the Courts here. In some of the United States there is special legislation affecting the question, such asan enactment that partnership liability shall be joint and several, or that upon joint contracts suits may be brought against some not all of the contractors; but in this State the question is altogether one of common law unaffected by any *727 peculiarity of regulation or practice, and if our decisions oppose great authorities, they must, if they would command the assent of a learned fraternity, invoke authorities equally plain and strong, or rest upon reasons which were not properly estimated in the cases that have been cited.
Against the English case of King vs. Hoare, it was urged, in argument here, that it recognizes the same rule as to joint trespassers, which it establishes as to joint contractors; whilst with us it is well settled, that a recovery against one joint trespasser (distinguished from a joint tort feasor in trover, Bogan vs. Wilburne, 1 Spear, 182,) does not without satisfaction, bar an action against another; Smith vs. Singleton, 2 McM. 184. In answer, it must be admitted that we departed at a very early period (White vs. McNeely, 1784, 1 Bay, 11,) from the English practice as to joint trespassers; so did the Courts of New York, (Livingston vs. Bishop, 1 John. R 289 :) but neither here nor in New York, is any departure as to joint contractors professed, and the reasons which urged to it in cases of trespass, do not apply to those of contract.
On the side of the defendants familiar propositions conduct to a conclusion.
Where two or more persons were bound by an obligation, and one of them has been released by a voluntary act of the obligee, all are released; and this, whether the obligation was joint and several, or only joint, and whether the act of the obligee was done with the express intention of releasing, or was only such as has the legal effect of releasing, like the obligee’s marrying one of the obligors, or appointing one of them his executor.-
Taking a higher security extinguishes the right of action on a lower one for the same debt. A joint judgment against all the obligors, on a bond, bars further remedy on the bond; a separate judgment against one of two or more joint and several obligors, does not extinguish the bond as to any other one, for it does not bar the remedy by a separate action *728 against that other. A separate judgment against one of two joint obligors may not extinguish the obligation as to the other, but it bars the remedy against him ; if sued separately, he may plead in abatement the non-joinder of his co-obligor, or in bar the former judgment, (see King vs. Hoare,): and if the two be sued together, the former recovery may be pleaded in bar. It is in bar and not in abatement, because no better writ can be given,, as it should be by a plea in abatement, and because a joint recovery cannot be had, inasmuch as the right of action against one has been already enjoyed. More plainly, a recovery against two of three joint obligors must bar an action against the three, for such recovery cuts off all chance for the plaintiff to urge, (as might sometimes be done when only one was at first sued,) that the former recovery was on a several and not on a joint obligation. A contract is between parties: a party like an artificial person may be sole or aggregate. An obligation joint and several has a double aspect; when viewed as several, it is the same ás several distinct obligations of distinct obligors, separate securities for the same debt, or separate contracts upon which there may be separate judgments although only one satisfaction : but upon a contract only joint, there can be only one judgment, as there can upon the same contract, be only one recovery against the same party. The plaintiff has by his first recovery shown that there was but one contract, and that upon that the party was the person or persons whom he sued; he cannot afterwards contradict his recovery, by saying in'another suit, that the party was differently composed; more certainly, he cannot recover a second time against the same persons that are already subject to execution.
The reason for making a recovery against others a defence for him, whose obligation maybe said not to be extinguished is thus seen to be technical; but still the defenceds founded on- principles of justice equal to those which require a plain-tiffin suing upon a joint and several obligation, to treat it *729 either as wholly joint by suing all together, or as wholly several by suing each separately, and not as mixed by suing more than one but not all.
For the plaintiff it has been urged in argument here, that contracts by partners are joint and several. Lord Mansfield, in Rice v. Shute, (5 Burr. 2613,) said that.“ all contracts with partners are joint and severalbut he added, “ every partner is liable to pay the whole,” and this shows the effect which at law results from the several nature of a partnership contract. In actions ex contractu against partners, the omission of a person who might have been made a có-defendant, is not ground of nonsuit, but can be taken ■ advantage of 'only by plea in abatement, unless on the face'of the declaration or some other pleading of the plaintiff, ■ it appears that the person omitted contracted jointly with those who are made defendants, and is still living. Those who are sued are held to the consequences of a waiver of objection, when they fail to plead the omission of a co-contractor. Mutuality requires that the plaintiff, too, should be held to the consequences of his omission. He should not have judgment against two that he chose to sue in the first action, and again another judgment on the same contract against the same -two and a third, or another separate judgment against the third, who, (as he before said) was not a contractor.' If he should say, that the liability of the third was before unknown to him, it would appear that his recovery had been had against the persons to whom he gave credit, or with whom- he had actually dealt; and that by his own act he had put himself into a situation in which he could not properly ask a reconsideration as to either them or anybody else. As to the case in hand, it may be observed, that, if an unknown dormant partner would at all avail for the plaintiff, the pleadings and proof should on a new trial be different from those that are now presented.
The plaintiff has also endeavored to force into his service expressions, which have been used in cases in equity, expla *730 natory of tbe principles upon wbicb in equity tbe creditor of a partnership is permitted to obtain payment of bis debt out of tbe assets of a deceased partner, whilst at law upon tbe death of a partner, tbe legal remedies against him, in respect of partnership contracts, are extinguished, and tbe creditor, being precluded from suing tbe representatives of tbe deceased, can maintain an action against tbe surviving partner only. In Devaynes v. Noble, (1 Mer. 529, 563,) Sir William Grant finds a reason for the distinction made in equity between partnership contracts and other joint contracts, in bis apprehension that “by-the general mercantile law a partnership contract is several as well as jointbut he plainly affirms that the common law “ with regard to partnership contracts applies its own peculiar rule, and because they are in form joint, holds them to produce only a joint obligation, whose consequences attach. exclusively upon the survivor.” Sir John Leach, in Wilkinson v. Henderson, (1 Myl. & K. 532,) declares “ that all the authorities establish that in the consideration of a Court of Equity, a partnership debt is several as well as jointbut the very interference of a Court of Equity implies the acknowledgment, which all the cases on the subject express, that at law the obligation of partners is only joint.
The rules concerning the admissibility of judgments in evidence have also been appealed to. It is said that the defendant who was not before sued, cannot now plead or produce the judgment to which he was not a party; indeed, that none of the defendants can do so ; for the parties are not the same in the two cases, and a plea bad for one defendant is bad for all. In this the distinction is overlooked, which subsists between offering a judgment for the purpose of proving the truth of the matter adjudged and of facts therein involved, and offering it for the purpose of proving its own existence and the legal consequences thence deducible. 'Eor the latter purpose the record of a judgment is admissible between *731 strangers, and is often tbe only competent evidence, as daily instances in our practice show. The defendants bere do not plead or desire to sbow, tbat by tbe former recovery tbe mating of tbe note as therein alleged, or tbe damages wbicb resulted to tbe plaintiff from nonpayment of it, bave been undeniably established: but they adduce tbe former judgment only to show tbat there is such a judgment, wbicb upon a certain note, whether forged or genuine, and under certain allegations correct or incorrect, was rendered against two of these defendants as joint contractors; and from this they wish to deduce tbe legal consequence tbat, (tbe identity of tbe note having been established,) tbe plaintiff is, without further inquiry about tbe note, precluded from recovering on it against tbe same two, or against them and a third now alleged to bave been also a joint contractor.
Tbe plaintiff’s great authority is Sheehy v. Mandeville and Jamesson, (6 Cranch, 253.) IJpon tbat alone rest all tbe cases in this State and elsewhere, wbicb although falling short, as tbat does, of what is now held, bave carried this Court to tbe present decision. Tbat case has given occasion for many explanations, excuses and strictures, wbicb may be seen in tbe cases before cited; but no exposition of it has maintained its sufficiency to establish what has now been inferred from it. Perhaps, in no view that could be taken of it, would all its observation and argument appear correct, even if its ruling should be approved. Tbe reputation of Chief Justice Marshall can safely endure proof of bis fallibility, and tbe slight inaccuracies of tbe great sometimes lead to serious errors. Tbe Chief Justice seems himself to have attributed great importance to tbe form of tbe plea filed in tbat case by Mande-ville ; for be expressed doubt as to what would have been tbe fate of tbe plea on general demurrer, whilst be held it bad on special demurrer. Commentators bave suggested that that case may be reconciled with others, by attention to tbe circumstance tbat there tbe note of Jamesson was in fact, as it *732 was in form, tbe separate note of one partner,' and that it was taken as collateral security for tbe partnership contract, so that the joint contract was not by a judgment on it extinguished as to any of the joint contractors; (9 How. 93 ; 2 Rob. 559 ; 2 Greenl. Rep. 193.) An obstacle in this view is that, according to the admission contained in the demurrer, it was held that the original contract had been discharged by the note received in payment. The substituted contract expressed in the note was that on which Mandeville was held liable, and that upon which recovery had before -been had against Jamesson. If the first action was “instituted upon the assumpsit of Jamesson individually,” and the second action against Mandeville, or against the two, was proper, then the note must have been in the first case several, and in the second case joint. This shifting signification of the words, “ I promise” may be a just consequence of an individual’s giving a note in his own name with concealment of a partner who is also liable on the consideration of the note: but upon an ordinary joint and several note made by more than two, when recovery has been had in a separate action against one maker, other makers may be sued each in a separate action, but cannot be joined in one action; and upon such note made by two, after recovery in a separate action against one, the other may be made liable upon his separate promise, but not on the joint promise. A peculiar instrument, at one time exclusively several, and at another time exclusively joint, is necessary to meet the pleadings in the case of Sheehy v. Mandeville and Jamesson, and the remarks which were made concerning the previous case of Sheehy v. Jamesson.
The question as to the effect of a judgment against one of several joint obligors, when the original declaration was on a joint covenant, (contract,) was thought by Judge Marshall not to arise in the case he was considering, “ in which the declaration in the first suit was on a sole contract;” and the question as to the sufficiency of a plea, in which both de *733 fendants should join, was thought not to be presented,’when the plea was only by the defendant who had not been before sued. The manner in which the case was extricated from these, questions, and what was said about the form of the demurrer, indicate that a want of confidence was felt in either of several grounds for the decision, which were hastily discussed, and any one of which, if sure, would have served; and show that Judge Marshall intended only to decide the case before him, narrowed and defined as he exhibited it. His sense of “real justice” probably prevented a closer scrutiny of the “technical rules'of law;” his intimations of opinion on the quéstions, which he held not to be involved, are far from being clear; and what he professed to decide is no authority for decision of those questions against the present defendants, whose case necessarily involves them.
The case of Collins vs. Lee & Lemastres, 1 Bail. 348, is the earliest in the reports of this State which contains any discussion of the question now before us. There the President of a Court of three was absent, and by the two remaining members of the Court the order of a Circuit Judge, overruling the plaintiff’s demurrer to the plea, was reversed. Of the two, JohnsoN, J., in a few pithy remarks, distinctly recognizes the proposition, that a judgment against one joint ob-ligor is a bar to an action against another, as a modification or corollary of the larger rule, that an action will not lie against one of several joint obligors; but believing that the bar in favor of the obligor then for the first time sued, was only an incident of the protection, which might be claimed by the obligor against whom the former recovery had been had, and perceiving that the latter waived the protection, he thought that the former was not entitled to it. If both had joined in the plea, he must have considered it good. His opinion, then, is an authority for the defendants in this case.
The other member of the Court, Colcook, J., in pronouncing the leading opinion, uses expressions adverse to these *734 defendants on every point; but the case adjudged by him was one on bond against two defendants, of whom one, cooperating with the plaintiff and refusing to join in the plea, desired the former judgment to be set aside; ours is a case on note against three defendants alleged to be partners, all of whom resist the plaintiff, and have joined in the plea.
Special attention should be given to these matters in Judge Colcook’s opinion, viz.: If he had been compelled to say that the former judgment was a bar, he would still have been in favor of the plaintiff’s motion on his second ground of appeal, for he says: “ I should' have no hesitation in setting aside the judgment when both parties to it request that it may be done.” Every thing else that he said might then be regarded in the nature of obiter dictum; and obiter dicta are most frequent and dangerous when they are used to maintain propositions favoring a decision, yet not indispensable to it, for behind them is something stronger that would suffice if' they should fail:—
He argues that a judgment can be a bar only as to the joint obligor before sued, and waives the examination of its effect even as to him, but can “ discover no principle upon which it can be allowed to avail Lee (the one not before sued) when his co-defendant does not choose to set it up as a defence.” The main argument might be erroneous, and yet the decision be sustained by this special circumstance:—
Because Lee was a stranger to the former judgment, he conceives that “ certainly, however it cannot avail as a de-fence” for him:—
He is evidently disposed, if not restrained by authority, to overcome mere technical reasoning unsupported by any sound principle of policy,” and upon the question’ before him, -which necessarily depended upon inferences from technical rules, no case besides those cited by Mr. Ohitty (1 Oh. PI. 29) was brought to his view:—
[Respecting the case of Brown vs. Wootton, and the passage *735 in CoM. Digest deduced from it, bis observations lose their force, when the explanation of Baron Parke in King vs. Hoare has been seen :—
The distinction between an obligation only joint and one joint and several, so essential in every branch of this subject, he regards as immaterial; thinking it sufficient that a judgment does not always extinguish the original debt:—
When in default of a plea in abatement there has been a recovery against some, not all, of joint contractors, he dwells upon the defendants in that action having “ dispensed with the rule” that all joint contractors must be sued together, and having “permitted” a recovery against themselves; but does not notice that the plaintiff chose to make an omission, and that the defendants, by waiving their right to object in the proper mode, only sanctioned the plaintiff’s act, which bad made the case, as to him, just as it would have been if the defendants had really been the only contractors:—
The anomaly of two judgments upon the same contract against one person, he dismisses by treating that person’s risk of being made to pay the same debt twice “as ideal, or the result of his own neglect”:—
He thinks that the former recovery, which was involved in Sheey vs. Mandehville, was had on a joint liability, and that what was said in that case about the original assumpsit of Jamesson cannot affect the question.
When the opinion of Judge Colcock is carefully examined, it will not, as I conceive, be found an authority against these defendants, upon important points in this case, which were not involved in the one he was discussing.
The case of the Treasurers vs. Bates, 2 Bailey, 362, has also been pressed into the service of the plaintiff here. That case settled important questions in reference to the complicated liability of a Sheriff and his sureties, under the peculiar official bond which our Acts of Assembly then required. Incidentally and unnecessarily an opinion was expressed upon *736 tbe question now in band. Tbe purpose there was to show that tbe Sheriff’s confession of a judgment in assumpsit against him for money received, was no bar to an action against him and his sureties, on their joint bond; but was admissible as evidence of his default. It was necessary only to establish (as was done on pages 380-1 of. the report) that a confession of judgment is a solemn admission, and that all admissions of the principal bound himself and his sureties; and then (as is done on page 383) to show, that the two suits were not on the' same cause of action; that the bond was a security against default, and that the previous establishment of the default showed the breach of its condition, and not its extinguishment. All that is said on page. 382 about the effect of a former recovery against one of two or more joint contractors, was inapplicable to the case. Assuming that it was settled by Sheehy vs. Mandeville, and Collins vs. Lee & Lemastres, (the only two cases that seem to have been examined,) that the persons not before sued could not plead the former recovery in bar, the Judge who wrote the opinion was satisfied that the plea would not avail even the defendant against whom the recovery was had. The argument is, that as a recovery must be had on the joint contract, and in an action brought against all, if the plea were good for one it must be for all; it is settled that it cannot be good for all, therefore it is good for none. It will be seen that if it has not been settled that the plea is good for none, here is an opinion that it must be good for all. The concluding remark, “ The judgment against one of-several joint contractors is a nullity; it may be arrested at any time before execution,” must have been made inadvertently. Cases before cited show, that where in an action against one or more, not all, of joint contractors, there is no plea in abatement, there cannot, for the plaintiff’s omission of persons who should have been made defendants, be either nonsuit or demurrer, if the defect does not appear upon the plaintiff’s pleadings; of *737 course there cannot then be arrest of judgment; and whilst the judgment subsists it cannot be treated as a nullity. Whether the Court should set the judgment aside, on the application of the plaintiff, or even of both parties, we are not, in the case before Jus, where the pleadings admit the existence of the judgment, Required to decide: — Even if it should be set aside, the effect; of that upon persons, not parties, whose condition was affected by the recovery, might depend upon nice distinctions^ between merger, extinguishment, and obstruction of remfedy, as one or the other of these should be settled to have been the operation of the judgment whilst it subsisted, upop the liability of those persons. (See Nichols vs. Augereau, 2 Mills, (Penna.) 290; Robinson vs. Smith, 18 John. 459.)
Our case of Watson, Crews & Co. vs. Owens & Co. (1 Rich. 111,) is put upon the ground, that the note of Owens was not accepted in satisfaction, but was only collateral security, like the note of any third person. It can stand on no other ground; and in reference to that, as in it recovery was had on the original partnership contract and not on the note, it is advantageously distinguished from Sheehy vs. Mandeville. Eeference in it is made to Robertson vs. Wilkinson, (3 Price, 538; 1 Exch. R. 44,) where it was held, that a creditor’s acceptance of bills drawn by the ostensible partner with whom he dealt, was no discharge of an unknown dormant partner; but too literal an exposition is given to the words used by Baron Graham, when he said, “ In general, a release of one partner is a release of all, but a party has always a right against a concealed partner of whom he has previously had no knowledge, as soon as he discovers him, unless that ignorance was his own fault, as if he had not used due diligence in finding him.” It is true, that the acts of an ostensible partner during the concealment of the dormant one shall not discharge the liability of the latter to pay a partnership debt; and against a technical release under seal *738 obtained from a creditor by tbe ostensible partner for inadequate consideration, charges of fraud might be made; but whilst such release was operative, it would discharge all the partners. If a judgment operates a merger or extinguishment, it has, whilst it subsists, the same effect. The attempt to make an exception to the general rule concerning releases, made not by operation of law but by act of the creditor, was the very thing considered and rejected in King vs. Hoare. If a creditor has by a recovery merged or extinguished the simple contract of partners, he cannot resort to it for the purpose of enforcing a dormant partner’s liability, any more than he could claim the proceeds of a payment made on his debt after he had assigned it in ignorance of a dormant partner. So long as the right to proceed upon the contract remains with the creditor, he may take advantage of the discovery of a dormant partner; but when that right has gone, it. cannot be resumed at pleasure. The discovery would be fruitless after the contract had been barred by the Statute of Limitations; and so, after it has been in any other way barred. Even if the obligation of a dormant partner is neither merged nor extinguished, but the remedy against it is merely obstructed by a former recovery, the creditor’s right to pursue a dormant partner, upon discovery of him, is the right to pursue according to the forms of law, not the right to surmount an obstruction, which, under the rules of pleading and practice, the plaintiff’s act in bringing a suit has even unintentionally created.
Not one of the cases cited from North Carolina contains a decision in favor of the plaintiff. Spear vs. Gillet, 1 Dev. Eq., (an equity case, in which relief was refused to a creditor, who had in Virginia ignorantly taken the bond of one partner, and afterwards discovered a dormant partner,) there are the plain expression of Judge RuffiN’s opinion in favor of these defendants, and some doubtful remarks of Chief Justice HeN- *739 dersok, in tbe course of wbicb a joint obligation and one joint and several are confounded.
In Horton vs. Child, 4 Dev. Law, 460, Judge Daniel, deciding nothing pertinent to this case, considers it to have-been settled, that a bond given by one partner does not extinguish the original debt as to the other partners. In Shuster v. Perkins, 2 Jones, 217, the familiar doctrine is reaffirmed, that a judgment against one of the obligors on a joint and several bond, is no bar to an action against'another obligor, and cannot in a joint action against all the obligors be pleaded as a former recovery against all.
In our State are two cases in régard to bonds given for partnership debts, that are worthy of attention now. In Fleming, Ross & Co. vs. Van Lawhon & Co. Dud., 360, a bond was executed by Lawhon, without the assent of his partner, and the name ‘‘ V. A. Lawhon & Co.” was signed. It was held that the plaintiffs could recover on the original contract for goods sold, upon one of two grounds; first, that the bond bound no.body; or, second, that it was mere collateral security — the original contract remaining of force in either view.
In the later case of Jacobs vs. McBee & Alexander, 2 McM. 348, the bond of Alexander was taken by a creditor, (in. ignorance that McBee was a dormant partner,) and because the bond bound Alexander, and was taken in discharge of the debt, the simple contract of the partnership, (if one existed,) was held to have been extinguished.
Is a bond to have a stronger effect in merging or extinguishing a simple contract than a judgment? The absurdity would not be imputed to any Court, of holding that the same simple contract, which was merged or extinguished by a bond, was restored to efficiency by a judgment on that bond; yet it is hard to see where the difference is, between a judgment on a bond of two out of three partners given for a simple contract of the partnership, and a judgment against *740 tbe same two on tbe simple contract itself. Tbe bond was good against two and only two; so tbe judgment is good against tbe two. Why should not the latter be considered a fortiori, both on grounds of principle and practice, as operative in favor of all tbe joint contractors, as the former?
I conclude that no case has been brought to tbe view of this Court, that decides against these defendants’ several points, either of which held in their favor would protect them; and that the reasons in support of the opinion, which has been given by a majority of the Court, are not such as I can venture to act upon, when so many strong authorities are in direct opposition.