The opinion of the Court was delivered by
O’Neall, J.
It may be conceded that the plea in England, *483 Massachusetts, and perhaps other States of this Pinion, would be held good; King and another vs. Hoar, 13 Mees. & Welsby, 493: still it by no means follows that such must be the decision here. What have been the decisions in this State ? Beginning with Collins vs. Lemasters and Lee, 1 Bail. 348, the decisions have been uniform, that on a joint contract a plea by one defendant of a former recovery on the same, against his co-defendant, without satisfaction, is no bar. In the Treasurers vs. Bates, 2 Bail. 382, the sheriff had confessed judgments, and these were set up as defences in favor of himself and sureties in a joint action on his official bond. In that case it was said, "it is well settled, that if one joint contractor is sued separately and a recovery had, and he is afterwards sued jointly with the others, he alone against whom the recovery was had can plead it in bar, and that the others have no right to make the objection if he does not choose to rely on it. Sheehy vs. Mandeville and Jamieson, 6 Cranch, 253; Collins vs. Lemasters and Lee, 1 Bail. 348. Neither of these cases, however, decide that it would be a good plea in bar for the defendant, against whom the recovery was had, in a joint action against all the contractors. I am satisfied it would not. Eor if it was, the party could never recover at all against the others. He must recover in a joint action on a joint contract against all the parties or none, except in the case of a certificated bankrupt, insolvent debtor, and perhaps an infant. Hence if the plea were good for one it must be for all: and we have already seen the others cannot plead it. The judgment against one of several joint contractors, is a nullity; it may be arrested at any time before execution.” These dicta, though not necessary for the decision of the case, had the concurrence of the whole Appeal Court, Johnson, Harper, and myself. Eor the Treasurers vs. Bates, was regarded as so important as a leading case, that it was deemed advisable that the opinion should be prepared and read over in consultation, so that every position contained in *484 it should have tbe concurrence of each and all tbe members of tbe Court. This was done, and tbe opinion is therefore to be considered as having in every word tbe concurrence of each and all.
In tbe case of Watson Crews & Co. vs. Owens & Co., 1 Rich. 111, it was held that a recovery on the note of one of the partners was no bar to an action brought for goods, wares and merchandize, for which the note was given ¿gainst the said partner and tbe then dormant partners. When to this array of authority is added, Sheehy vs. Mandeville and Jamieson, 6 Cranch, 253, in which C. J. Marshall ruled that a recovery against one could not be set up as a bar to protect both sued on the joint contract, there would seem to be no reason why we should defer to cases decided subsequently in England and elsewhere.
I concur very much in what was so strongly said by Mr. Wilson, the counsel for the plaintifíj a decision sustaining such a plea would be directly favoring fraud. The dormant partner is most commonly unknown to all, except his partners. If they be insolvent, as is said to be the case here, they would have nothing to do (if the decision were that the plea was good) but be silent, let judgment go against them, and their friend, the dormant partner, would escape all liability. If, however, they should be solvent, then they could plead the non-joinder of the dormant partner, and turn the plaintiff over to a new writ. Thus they would have all the advantages without sharing any of the perils. It is the duty of the ostensible partners to plead the non-joinder; if they do .not, a recovery against them should be treated as a recovery on a several contract, and not as a bar in favor of the dormant partner. I think the plea should have been o.verruled.
The motion for a new trial is granted.
WhitNEB, G-lover, and MuNRO, JJ., concurred.

Motion granted.