UNITED STATES v. SUNDAY CREEK CO.

(District Court, N. D. Ohio, W. D.   December 9, 1911.)

No. 1,358.

1. CARRIERS (§ 38*)—INTERSTATE COMMERCE—FREIGHT CHARGES—"DISCRIMINATION"—INDICTMENT.

An indictment against a coal company for accepting and receiving discrimination in freight charges paid on coal shipped in interstate commerce alleged that it was the custom of the carrier because of the exigencies of the business to grant a credit of 30 days to coal operators for freight on prepaid shipments; that the carrier required other operators in the same district to give bonds to secure payment of their monthly account for prepaid freight in money; that pursuant to an agreement between defendant and the carrier, existing before and at the time the prepaid shipments were made, defendant's monthly bill for such shipments for a certain time amounting to $26,491.05 was paid by delivering to the railroad company in cash $1,491.05 and defendant's 5 per cent. four-months note for $25,000; that no demand was made by the carrier on defendant for payment of the freight charges in money; and that the note was renewed from time to time until, on April 1, 1910, it was merged with other debts due from defendant to the railroad company into 5 per cent. debenture bonds of defendant company, payable April 1, 1913, delivered to and accepted by the railroad company in payment for such freight. *Held*, that the term "discrimination" is used in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the Elkins act (Act Feb. 19, 1903, c. 708, 32 Stat. 847 [U. S. Comp. St. Supp. 1909, p. 1138]), in its common sense, as well as with whatever enlarged or more definite meaning the context of the amendment of 1906 (Act June 29, 1906, c. 3591, 34 Stat. 587 [U. S. Comp. St. Supp. 1909, p. 1149]), gives to it, includes a case where a shipper is permitted to settle his charges by paying a less or "different" compensation to the carrier than other shippers shipping under similar circumstances are compelled to pay, and that the indictment alleged facts showing that defendant had received a discrimination in violation of the act, and was therefore not demurrable.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 38.*

For other definitions, see Words and Phrases, vol. 3, p. 2099.

What constitutes an unlawful preference or discrimination by a carrier under interstate commerce regulations, see note to Gamble Robinson C. Co. v. Chicago & N. W. Ry. Co., 94 C. C. A. 230.]

2. PAYMENT (§ 67*)—ACCEPTANCE OF NOTE—ANTECEDENT INDEBTEDNESS.

While the taking of a note for an antecedent indebtedness does not raise a presumption of extinguishment of that debt, the acceptance of a note for a present indebtedness raises a presumption of payment.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 189–194, 198; Dec. Dig. § 67.*]

3. CARRIERS (§ 32*) — INTERSTATE COMMERCE — DISCRIMINATION — "DIFFERENT COMPENSATION."

Where a carrier receives a note from a shipper in payment of freight on shipments in interstate commerce, it thereby receives a "different compensation" from that which only the law authorizes, to wit, money, in violation of the Elkins act (Act Feb. 19, 1903, c. 708, 32 Stat. 847 [U. S. Comp. St. Supp. 1909, p. 1138]), as amended in 1906 (Act June 29, 1906, c. 3591, 34 Stat. 587 [U. S. Comp. St. Supp. 1909, p. 1149]), providing that a shipper who is permitted to settle his charges by paying a less or different compensation to the carrier than is required by other shippers operating under the same or similar circumstances accepts or receives a discrimination.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 83–85; Dec. Dig. § 32.*]

On demurrer to indictment against the Sunday Creek Company for accepting discrimination in the transportation of coal in interstate commerce over the Hocking Valley Railway Company in violation of the Elkins law. Overruled.

U. G. Denman, U. S. Atty., J. G. Fogg, Asst. U. S. Atty., and John H. Marble, Special Asst. U. S. Atty.

William O. Henderson, for defendant.

KILLITS, District Judge. The views expressed by us in the opinion filed to-day, overruling the demurrers to the several counts of the indictment against the Hocking Valley Railway Company, requires us to take the same action in this case. The indictment here contains eight counts, embodying the same transactions as those embraced in counts 11, 13, 14, 15, 16, 17, 18, and 19 of the bill against the railroad. As against the defendant coal company, the law invoked is that part of the Elkins law which makes it unlawful for any "corporation to solicit, accept or receive any * * * discrimination in respect to the transportation of any property in interstate commerce by any common carrier," etc.; and the only question here raised is

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

whether the transaction which is discussed at length was a "discrimination in respect to transportation."

[1] All that we have said in comment on the other case has the same application here. The criticism advanced respecting the assumed deficiencies in the language of the indictment is substantially that advanced against the other bill. We suggest that, while in pleading a statutory offense it is safe to employ the words of the statute, such action is not obligatory, and any language which is seen to be capable of apprising one of ordinary intelligence of the several essential ingredients of the crime meets every requirement.

The word "discrimination," as used in the Elkins act, is employed in its common sense, as well as with whatever enlarged or more definite meaning the context of the amendment of 1906 gives to it. Thus a shipper who is permitted to settle his charges by paying a "less or different compensation" to the carrier is accepting or receiving a "discrimination." In this view the indictment against the defendant in this case leaves less to statutory construction than in the main case, for here there is a distinct allegation that the note was taken in payment of that portion of the charge not paid in cash, and pursuant to an agreement to that effect before and at the time the charge was incurred.

We have confidence in our theory that, under all the circumstances here, the settlement on the accounting day for prepaid freights must be related for actual time to the date of service, especially when, as here, such settlement is not only deferred because of an exigent custom of the business which, in that respect, is given uniform operation, but is had, in the form it is given, pursuant to an agreement had at and before the creation of the obligation. The taking of the note, therefore, in legal effect, is contemporaneous with the rendition of the consideration.

[2] As we suggested in the other opinion, the taking of a note for an antecedent indebtedness does not presume extinguishment of that indebtedness, but the taking of a note for a present indebtedness does, in fact, raise a presumption of such payment. Hall v. Stevens, 116 N. Y. 201, 22 N. E. 374, 5 L. R. A. 802; Sheehy v. Mandeville, 6 Cranch, 253, 3 L. Ed. 215. Even where it is claimed that the payment was for an antecedent indebtedness, the agreement therefor may be established by circumstances, if, they afford a clear inference. Peter v. Beverly, 10 Pet. 532, 568, 9 L. Ed. 522. Here the government not only pleads facts raising such presumption of payment, but pleads the fact of payment by note directly. Had it been equally explicit in the other case, the demurrers to the first 10 counts of the railroad indictment would have been quickly handled.

[3] Receiving payment by note is receiving a "different compensation" from that which only the law authorizes, namely, money. As we understand it, our position in this case is in no wise out of harmony with the decision in Little Rock & M. R. Co. v. St. Louis S. W. Ry. Co., 63 Fed. 775, 11 C. C. A. 417, 26 L. R. A. 192, or Gamble-Robinson Co. v. C. & N. W. Ry. Co., 168 Fed. 161, 94 C. C. A. 217, 21 L. R. A. (N. S.) 982, or any other decision which upholds

the effort of a carrier to secure payment of its services. If there was nothing more in this case than in those mentioned, namely, a requirement upon some shippers to pay freights in advance, while carrying the same commodities on the basis of collecting the freight charges in due course of business for other shippers, this court would make short work of this indictment. These cases cannot be cited in support of a state of facts which work the effect of an option to the carrier to occupy a position of inability, through the lapse of time, or the aggregation of uncollected charges, to collect in full, and then offer that situation as a defense to a charge that it has not collected in full. Should it be urged that this is mere speculation, we reply that, given a purpose to evade the law, this is a logical possibility, if not probability, from the facts.

The demurrer to each count is overruled.